JUDGE ROBERTSON
delivered the opinion of the court:
The county court of Nicholas county chartered two turnpike roads, to run through the same neighborhood, from Carlisle to Jackstown, and the county judge having *155 subscribed stock in each of them, a levy was made on the taxable property of the county for raising the amounts subscribed; and, after collecting a portion of that tax, the sheriff was ordered to pay one thousand five hundred dollars to the use of one of those roads. To enjoin that payment, and any other payment or levy on account of either of those subscriptions, the appellants, as fifty citizens and principal tax-payers of said county, for themselves and their fellow-citizens, too multitudinous to be made formal co-parties by name, filed a petition in equity, charging that two parallel roads, so nearly contiguous as the average distance of half a mile, would be unnecessary, and unable to support themselves, that the tax would be unjust and oppressive, and that the charters, subscriptions, and levy were irregular and illegal. The circuit court having refused an injunction, and sustained a demurrer to the petition, the appellants seek a reversal of that judgment.
Neither the policy nor the moral justice of the charters is cognizable by this court, and the Legislature, by a curing act, legalized the charters so far as it had power to do so.
We will, therefore, consider only the legality and-validity of the subscriptions by the county judge.
An act of February 9th, 1864, authorized a majority of all the justices of Nicholas county court to subscribe not exceeding seven hundred and fifty dollars a mile to any chartered turnpike in this county, “ provided, that such subscriptions shall not be made until said court shall be satisfied that an amount of stock sufficient, with the aid of said county subscription, to complete each mile of road to which such county subscriptions apply, has been taken by private subscription.”
*156 A subsequent act of February 9th, 1866, modified that of 1864, but only so far as to substitute the county judge for the justices, and enlarge the authority to one thousand dollars a mile. Private subscriptions to an amount which would be sufficient, with the public subscription, were still indispensable to the special authority of the court to bind the county by its subscription.
The only unrevoked subscription applicable to this case was made by the county judge on the 13th of August, 1866, for one thousand dollars a mile, without any suggestion about individual subscriptions, or any apparent consideration of that indispensable prerequisite. Apparently, therefore, the subscription was unauthorized, and, consequently, void. But however the fact of any such private subscriptions, and the extent of them, might have actually stood out of the record, the petition charges that the aggregate of them, if all available, lacked at least five thousand dollars of the requisite amount for authorizing the county subscription. And this decisive fact was admitted by the demurrer, which, therefore, ought to have been overruled.
Consequently, the circuit court erred in sustaining the demurrer, and, without answer, dismissing the petition of the appellants, which, if true, entitles them to the relief sought by it.
Wherefore, the'judgment is reversed, and the cause remanded for further proceedings.