GUITTARD TP. v. COM'RS MARSHALL CO.*

*Error from Marshall County.*

A distinction is kept up in the law as to rights of individuals and of counties purchasing lands for taxes, in that the latter are allowed to bid only

---

*A counterpart of this case, growing out of the same facts, may be found *post* [The State *ex rel.* Brumbaugh *v.* McGill, Treasurer, &c.]

in absence of other purchasers, and, in that case, to bid becomes a duty absolute [§ 42, Comp. L., 867], and certificates were made subject to purchase by any applicant, and at a fixed price.   [§ 44, id.]

Sec. 10, ch. 198 [Comp. L., 877], providing for making tax deeds, where due on the certificates of sale, applies to cases where lands have been sold for taxes, and the certificates are in the hands of individuals; and *held*, that it does not apply to counties holding certificates under §§ 42, 44 and 48, ch. 197, Comp. L.

The object of these sections was to provide for realizing the amount of the tax for revenue purposes.

This view of the law confirmed by the legislative construction contained in ch. 37, § 9 [L. '64, p. 72], and ch. 118, § 74 [L. '66, p. 277], under which laws counties are not authorized to take tax deeds.

A county is not liable to a township for its quota of taxes until the amount is paid into the treasury.

The subjoined opinion contains a statement of the facts of the case.

*J. D. Brumbaugh*, for plaintiff in error.

*Martin, Morton & Burns*, for defendants in error.

*Brumbaugh* made the following points:

The county is bound to collect the taxes for the townships, and if it has done any act to prevent the payment thereof, becomes liable therefor.   The taking of tax deeds is such preventive.   A large amount of these deeded lands have been sold, the money paid into the treasury, and the account made to the townships thereof.

There is no law authorizing the deeding to a county of lands sold for taxes.   If a county is liable, where they omit to do an act enjoined upon them by law, they are liable for the consequences of performing an illegal act.   (2 *Ham.* [*O.*], 348 ; 32 *Pa. S.*, 218.)   Coun-

ties are held liable for taxes erroneously paid in, and have power to sue for money due them. (*State* v. *Piatt*, 15 *Ohio*, 15.) So the plaintiff may well sue the county in this case. *Gelpecke* v. *City of Dubuque*, 1 *Wall.*, 175.

*Martin, Morton & Burns*, for defendants, contended:

The simple question is, is a county liable to the townships, road districts and school districts, for delinquent taxes, on lands bid off by the county? And if not, do the counties make themselves liable for the payment of these taxes, by taking a deed for the land so purchased?

1. The county treasurer is the collecting agent for the state, county, township, and all other taxes, by express provisions of law. *Comp. L.*, 429, § 109; 431, § 114; 435, *ch.* 53, §§ 1, 2, 3; *L.* '63, 99, *ch.* 60, §§ 1, 2, 15.

2. It is the treasurer's duty to pay the taxes so collected to the parties entitled to receive them, and not to the use of the county. (*Comp. L.*, 884, § 4, *ch.* 203; *L.* '64, 221, *ch.* 112, § 25; *id.*, 70, *ch.* 37, §§ 2, 4; *L.* '67, *ch.* 122, § 4, 205.) From these sections it will be seen that the county treasurer is by law constituted the collecting agent of these various corporations, and the county has nothing to do, directly or indirectly, with the collection of the taxes, and would not be liable unless made so by some express provision of law; and no such law exists.

3. If, then, it is the duty of the county treasurer to collect and pay over these various taxes, as required by law, and he fails to do so, then the proper proceeding is by mandamus to compel him to do so, or by suit upon his bond.

4. The tax deeds did not make the county liable. They are void, for the reason that the officers had no authority to make any such deeds. Comp. L., p. 867, § 42, provides that if any piece of land cannot be sold for the amount of the taxes, penalty and charges thereon, then the same shall be bid off by the county treasurer, for the county, for the amount of such tax. The object of this provision is undoubtedly to enable the county to assign the certificates of sale to persons who may desire to purchase the same, to place the county in a position to realize the taxes from the land. We come to this conclusion the more readily, from the fact that sec. 44 of the same chapter provides for making the county a certificate for the land so sold, which certificate is assignable and transferable, the same as certificates granted to other purchasers; and by this means the county is enabled to realize the taxes charged against the same. Sec. 48, of ch. 197, provides that the land thus sold shall continue liable to be taxed, simply by charging up on the tax roll the tax for each succeeding year, until redeemed, or the certificate assigned. Now, the reason for this seems to be that the certificate of the original sale shall remain in the hands of the county treasurer, ready at any time to be assigned, as provided for in sec. 44. But it seems to us that it is made clear by the provisions of sec. 9, ch. 37, pp. 72 and 73, laws of 1864, that it was the intention of the legislature that the land should remain in a condition to be transferred by the county at any time, in order to realize the taxes due. This section provides that a certificate shall not issue until some one proposes to pay the taxes on the land. This certainly precludes the idea that a deed can be made, and amounts to a legislative construction of the former law, as to the

real policy of the legislature ; and this law was passed
before the deeds were made. The policy of the law is
to realize the taxes due on the land, and not to acquire
the title to the land, and thereby become a great land
owner, and thereby a great tax-payer. If it had been
the intention of the legislature that deeds should be
made to the county for the land sold, some provision
would have been made, directing who should make
the deeds to the county, who should cause it to be
done, who should present the certificates to the clerk,
and likewise have provided a form for a deed ; and some
one would be clothed with authority to have sold and
executed deeds for the county for these lands, when
sold ; but the law is entirely silent on all these subjects.
Again, we cannot very well understand how the county
of Marshall could at the same time be a grantor and
grantee, in a deed for lands bought by the county at
a sale. This seems to be a legal absurdity, and a legal
impossibility. And it is provided that the county shall
be the grantor in all tax deeds.

*By the Court,* SAFFORD, J.

The record shows that the plaintiff, one of the town-
ships in the county of Marshall, brought an action
against the defendants, to recover from said Marshall
county a certain sum of money, claimed to be due to
said township from the county, on account of cer-
tain township and road taxes for the years 1860 to
1865, inclusive. It is also shown that the lands on
which these taxes were claimed to be due were bid off
for the county, at the tax sales of 1862 and 1863, and
certificates of sale issued to the county therefor.

It is further shown that the lands so bid off were

finally deeded to the county in 1864 and 1865, and that the county has since sold a portion thereof, and received the proceeds into the treasury. This state of facts constituted the basis of the plaintiff's action, it being alleged in that behalf that by reason of the deeding of the lands as stated, the county became and was liable for the various taxes referred to. To the petition of plaintiff, a demurrer was filed, setting forth that the petition did not state facts sufficient to constitute a cause of action, which was sustained by the court.

Plaintiff excepted, and now brings the order sustaining said demurrer to this court, for review.

The principal question, then, which now presents itself, is, as to the right of Marshall county to receive the deeds to the lands sold for taxes, as she assumed to do. If such action was not authorized under the law, then the plaintiff's whole case must fall to the ground.

Those sections of the law bearing upon the subject of the purchase of lands at tax sales, by counties, may be briefly stated, as follows: Section 42 (*ch.* 197, *Comp. L.*, *p.* 867) provides that if any piece of land cannot be sold for the amount of the taxes, penalty, and charges thereon, it shall be bid off by the county treasurer for the county, for such amount. Section 44, same chapter (which was in force at the time the lands referred to in this case were bid off by Marshall county), requires the county treasurer to make a certificate of sale to the county, similar to that made to other purchasers at tax sales. And it further provides that such certificates shall be assignable, and subject to purchase, by any person offering to pay therefor a sum equal to the cost of redemption, at any time.

Section 48 (*Comp. L.*, 868), following, provides that

the lands bid off for the county shall continue liable to be taxed as if they were in the hands of individuals, and this is to be done by charging up the taxes of each year thereon, and entering the same with penalty and charges, as in other cases, in the book of tax sales of the year in which such lands were bid off for the county, and opposite to such lands. Such taxes, penalty, and charges, then become an additional lien. This section also provides that no land so bid off for the county shall be sold for such subsequent taxes, until it shall have been redeemed, or shall be sold by the county, or the tax certificate assigned. It will be observed that all of the sections, above referred to, apply only to cases where the land sold for taxes has been bid off for the county. If sold to other purchasers, other and different sections make provisions as to their rights and duties up to the time when a tax deed may be issued. Section 10, chap. 198 (*Comp. L., p.* 877), provides for the making of the tax deed when it is due ; and this was the only section upon the subject, in force at the time the deeds in question were made. This section applies fully to cases where lands have been sold for taxes, and the certificates are in the hands of individuals.

Does it apply equally to cases where the lands were sold to, and the certificates still held by the county, when the time for redemption had expired? Being general in its terms, and containing no exceptions, it might seem, at first glance, to be susceptible of such a construction. So might a portion of section 48, taken alone, be deemed to favor the idea that the county could take a tax deed, and then dispose of the land covered by it, the same as any other purchaser at tax sales. But, when looking to the reason and policy of

the law, we scan closely all of the sections to which we have referred, and consider them together, we are forced to a different conclusion.

In this connection, it is proper to call attention to the marked distinction which is kept up all through the tax laws, as to the rights and duties of individuals purchasing lands at tax sales, and those of the counties, under the same circumstances.

We see that it is only when land cannot be otherwise sold for the amount of taxes, penalty and charges, that the county is allowed to bid at all. But when such fact is made apparent, the treasurer is required to bid it off for the county; and there is no other alternative. Again, under the provisions of section 44, referred to above, and which was in force until March 5th, 1864, certificates of sale, held by the county, were made subject to purchase by any person, thus making it binding on the county to part with, and sell her certificates at the option of any individual, and at a fixed price. Other distinctions, equally marked, may be named, but these will serve our purpose.

Now, these restrictions and limitations do not operate against individuals ; and what good reason exists why they should be enacted against the counties, if it was intended to confer upon them the right to obtain full title to lands by tax deeds ? In such case, it would seem, at least, to be no more than right to permit the county, when holding the certificate, to sell it, or not, and to fix her own price for it, as her interest might dictate. But there is another serious objection to allowing the counties to take tax deeds the same as other purchasers. It is that, thereby, they would eventually, and especially in new and thinly populated districts, become large landholders, and as a consequence, large

tax-payers; for it must be remembered that lands sold for taxes, whether held by counties or otherwise, must still be taxed. Thus, land which should yield a revenue, becomes a burden. But it is not for any such purpose that these sections are framed. They were undoubtedly intended to provide a way in which the taxes due upon lands sold to a county, should be realized with the least possible expense, delay and trouble.

Thus, when no one offers to take the land and pay the taxes, it is bid in for the county, and held by virtue of the certificate of sale, ready, and for the purpose of being assigned to the first person who wishes to take it. It is said that if a county is to hold land in this way, she might be obliged to do so for a long time, and thereby, for so long, be deprived of the revenue it should yield. But would the chances for realizing such revenue be improved, by the county proceeding to take a deed? And would not the county be as well able to dispose of her rights in the land while holding it upon the certificate, as if she held it by deed?

It may further be suggested that if it had been the intention of the legislature, when it enacted chapters 197, 198, Comp. L., to provide for the taking of deeds, to counties, of lands bid in for them, for taxes, other and specific provisions would most certainly have been inserted, applicable to such case, and directing just how the whole transaction should be conducted, until the lands might be again sold to individuals.

But the laws passed by the legislature in 1864 and 1866, touching upon this question, furnish a strong argument against the plaintiff's position in this case. It is there provided that no certificate shall issue to a county for lands bid in for her at a tax sale, until some

one shall pay into the treasury an amount equal to the cost of redemption at that time.   The treasurer is then required to issue such certificate, and the county clerk must assign it to the person so paying the taxes.

(§ 9, *ch.* 37, *L.* 1864; § 74, *ch.* 118, *L.* 1866.) These provisions standing in the place of former rules, on the same subject, preclude (as counsel observe) the idea that deeds can be taken by counties, for lands sold and bid in for them for taxes, and amount to a legislative construction of the former law.

We are therefore of the opinion that neither under the laws of 1862, nor under those since in force on this subject, is a county authorized to take deeds, as it is shown the county of Marshall has done in this case. Such deeds are, therefore, void.   It follows, then, that inasmuch as no one has received the certificates of sale, as provided in ch. 198, L. 1862, or in the laws passed subsequently thereto, bearing upon this point, and paid the taxes due on the land covered by the said certificates, neither the county, nor the county treasurer, is liable to the plaintiff in this case, for the taxes claimed, nor will they be so liable, until such taxes shall come into the county treasury in a legal way.

The judgment of the district court, in sustaining the demurrer to plaintiff's petition, is sustained.

All the justices concurring.