JOHN O. BRISCOE v. THE BOARD OF COMM'RS OF ELLS-
WORTH CO. AND GEORGE HUYCK.

TAX SALE; *Redemption; Tender; Statute Construed.* Certain land was sold
for taxes on September 6, 1876, and bought in by the county. The land
remained unsold and unredeemed, and on September 1, 1879, the owner
tendered to the county treasurer the amount of the taxes, charges, pen-
alty, and interest at seven per cent. from date of sale, and interest at the
same rate on all subsequent taxes from the time the same were due.
*Held,* That the tender was insufficient; and further, *held,* that to redeem
said land, the owner, his agent or attorney must pay to the treasurer
the amount of taxes and charges for which the land was bid off, and all
subsequent taxes and charges thereon, with interest at the rate of twenty-
four per cent. per annum on the taxes and charges from the date of sale,
and the same rate of interest on all subsequent taxes from the date of the
entry of such taxes in the book of tax sales.

*Error from Ellsworth District Court.*

IN an action pending in the district court of Ellsworth
county, at the September Term, 1879, to compel *George
Huyck,* as treasurer of the county, to execute and deliver to
*John O. Briscoe* a certificate of redemption for certain land
sold to the county for the non-payment of taxes, the follow-
ing agreed statement of facts was filed:

"Whereas, on the 5th day of September, 1876, there was a tax charged against the following-described real estate, situate in Ellsworth county, Kansas: S.E. ¼ of sec. 21, T. 15, R. 8, of the sum of $99.66; and whereas, on said 5th day of September, said land theretofore having been duly advertised by the county treasurer to be sold on said 5th day of September, 1876, was on said 5th day of September, 1876, struck off and bid in by the county treasurer of Ellsworth county, Kansas (there being then no bidders on said land); and whereas, thereafter and up to September 1, 1879, no tax-sale certificate has been issued on said land by said county treasurer and assigned by the county clerk to any person; and whereas, none of the tax liens on said land since it was bid in by the county treasurer as aforesaid have been paid by any person in whole or in part, and on September 1, 1879, John O. Briscoe, the plaintiff above named, and the admitted owner of said land, duly tendered to the county treasurer of Ellsworth county, Kansas, the amount of the taxes, charges, penalty, and interest at seven per cent. from date of sale for taxes and same rate on subsequent taxes from time same were due thereon in money; and whereas, said county treasurer refused such tender, but demanded that John O. Briscoe should pay fifty per cent. interest on the amount of the taxes due on said land at the date said land was bid in by the county treasurer, and from that date up to the present time, according to the provisions of ch. 34 of Laws of 1876; and whereas, said John O. Briscoe declined to pay said sum of fifty per cent. interest on amount of taxes due from date of sale of said land, but in the place thereof tendered taxes and charges and penalties due thereon according to the provisions of § 91, ch. 34, Laws of 1876, and § 1, ch. 131, Laws of 1874, and interest at seven per cent. from date of sale on amount then due, and same rate on taxes subsequently due on said land from time they were due: Now, upon the above facts the question submitted is—In order to redeem said land, must John O. Briscoe pay interest at the rate of fifty per cent. per annum on the amount for which the said land was bid in by the county treasurer on September 5, 1876, and must said Briscoe pay same rate on subsequent taxes due and unpaid on said land to the present time?"

Upon the trial, the court held that the plaintiff must pay fifty per cent. interest per annum on all the unpaid taxes due on the land in order to redeem it, and therefore found

against plaintiff and in favor of the defendants.    *Briscoe* duly excepted, and brings the case here.

*Ira E. Lloyd,* for plaintiff in error.

*S. Atwood,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The briefs in this case are of little value, as they assume § 135, ch. 34, Laws 1876, to be in force, whereas that section was repealed by Laws of 1879, ch. 43, § 4, which took effect March 15, 1879.    Sec. 127 of ch. 34, Laws 1876, as amended by § 1, ch. 41, Laws 1879, however, provides that any owner may at any time before the execution of a tax deed redeem any land by paying to the treasurer of the county where such land is sold, for the use of the purchaser, the amount for which the land was sold, and all subsequent taxes and charges thereon, with interest at the rate of twenty-four per, cent. per annum, on the amount of the purchase-money from the date of sale, and the same rate on all subsequent taxes paid thereon.    Under this provision of the statute, the court rendered the right judgment, but erroneously decided that plaintiff was compelled to pay fifty per cent. interest per annum, in order to redeem his land.    At the time the tender was made, the rate of interest was only twenty-four per cent. per annum.    Notwithstanding the sale of the premises for taxes occurred in 1876, prior to the amendment of 1879, the county can only collect the interest prescribed by the act of 1879, as the county has no such vested right by buying the land at tax sale, as denies to the legislature the power to change the rate of interest or costs of redemption. Counsel contend that § 127 is only applicable to purchasers of tax titles, and that a county is not a purchaser within the law, and refers to *Guittard Tp. v. Comm'rs Marshall Co.,* 4 Kas. 388, as decisive.    While there is a marked distinction in the tax laws as to the rights and duties of individuals purchasing lands at tax sales, and those of counties, under the same circumstances, yet in a general sense the law recognizes

a county as a purchaser at a tax sale. Thus, §117 provides: "When any land or town lots shall at any tax sale be bid off by the county treasurer for the county, it shall be the duty of the county treasurer to enter the same on the book of tax sales, in the same manner as though such land or town lots were sold to other purchasers." The main difficulty in this case is, as to the date from which interest is to be calculated on the taxes subsequent to day of sale. Sec. 127 prescribes that all subsequent taxes shall bear interest at the rate of twenty-four per cent. per annum, on all taxes paid and indorsed on the certificate. As the county pays no taxes and obtains no certificate, there can be no indorsement on the certificate, so long as the property remains unsold to other parties. In view of the reason and spirit of the law relating to the redemption of lands from taxes, we think that where the county bids in the lands, and no sale has afterward been made, or the certificate assigned, the interest to be paid by the redemptioner on the taxes, subsequent to the sale, dates from the entry of such taxes and charges in the book of tax sales. Reasons of public policy seem to necessitate such construction. Such certainly must have been the intention of the law-makers, although inapt language has been used. If the counsel be right in the argument that §127 only applies to speculators in tax titles, there is no section of the statute under which land-owners can redeem their property when it has been bid off by the county, and remains unsold, except §§1 and 2, ch. 43, Laws 1879, and these sections apply only to lands which are unredeemed for three or more years from the date of the sale to the county.

The judgment of the district court will therefore be affirmed.

All the Justices concurring.