JOSEPH L. CRAWFORD v. DAVID P. SHAFT.

TAX LAWS; *Minor Owner; Redemption; Saving Clause.* Where certain land was sold for taxes under the tax law of 1868, (Gen. Stat. 1868, ch. 107,) the original owner, who was a minor, had the right to redeem his land from the taxes under such tax law, although before the time given him by such law had expired, and before he attempted to re deem his land from the taxes, the tax law of 1876 (Laws of 1876, ch. 34; Comp. Laws 1879, ch. 107) was enacted. The saving clause contained in §155 of the tax law of 1876 is broad enough in its terms to give him such right to redeem under the tax law of 1868.

*Error from Chase District Court.*

EJECTMENT, brought by *Crawford* against *Shaft*, to recover certain land situate in Chase county. Trial by the court, at the April Term, 1885, and judgment for the defendant. The plaintiff brings the case here. The opinion states the facts.

*Almerin Gillett,* for plaintiff in error.

*C. N. Sterry,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action in the nature of ejectment, brought in the district court of Chase county by Joseph L. Crawford against David P. Shaft, to recover a certain piece of land situated in that county. The case was tried be-

fore the court without a jury, and the court found generally in favor of the defendant and against the plaintiff, and rendered judgment accordingly. The plaintiff brings the case to this court for review.

It appears from the undisputed evidence introduced on the trial, that the plaintiff holds the original patent title, and that the defendant claims title under a tax deed issued by the county clerk of Chase county on July 12, 1875, recorded July 30, 1875, based upon a tax sale made June 24, 1872, for the taxes due on the land for the year 1871. At the time the land was sold it belonged to a minor, Seymour L. Byington, who did not become of age until March 29, 1883; hence under the statutes in force during that time and still in force, he had a right to redeem the land up to March 29, 1884. (Gen. Stat. of 1868, ch. 107, § 101; Comp. Laws of 1879, ch. 107, § 128.) On December 20, 1883, he attempted to redeem the land from the taxes, and paid an amount to the county treasurer sufficient to redeem the same from the taxes, if the tax law of 1868 was to govern, (Gen. Stat. of 1868, ch. 107, §§ 101, 105;) but not enough if the tax law of 1876 was to govern. (Comp. Laws of 1879, ch. 107, §§ 127, 128, 132.) The county treasurer accepted the money, and issued a certificate of redemption to the owner, which certificate was duly countersigned by the county clerk. Upon these facts, the court below held that the redemption was not sufficient; that it should have been had under the laws of 1876, and not under the laws of 1868, and therefore that the attempted redemption was a nullity, that the certificate of redemption is void, that the tax deed is good, and that the holder of the tax deed holds the superior and paramount title. The plaintiff in error, however, claims that this holding of the district court is erroneous. He claims that the tax laws of 1868 govern in this case, and not the aforesaid § 132 of the tax laws of 1876, and therefore that the redemption was good, and therefore that he holds the better and paramount title; and he claims this, first, because of a certain saving clause contained in the tax law of 1876, (Comp. Laws of 1879, ch. 107, § 155;) second, because of a certain

saving clause contained in the act of 1868 relating to the construction of statutes, (Comp. Laws 1879, ch. 104, § 1, subdiv. 1;) third, because, as he claims, the owner of the property had a vested right under the tax laws of 1868, not merely a privilege, to redeem his property from any taxes which might be levied against the same from the year 1871 up to the date of redemption, or until March 29, 1884, which vested right the legislature could not take away from him by any change of the law, or by a repeal of the same or otherwise; fourth, because the attempted redemption was a *bona fide* attempt, and as his money was received by the county treasurer and a formal certificate of redemption was duly issued to him and duly countersigned, his attempted redemption was good, whether he paid a sufficient amount therefor or not, and whether the laws of 1868 or the laws of 1876 are to govern; and if he did not in fact pay a sufficient amount of money to redeem, still the attempted redemption is good, leaving the tax-deed holder to recover the remainder of the taxes in an action of ejectment under § 142 of the present tax laws, § 117 of the laws of 1868, or in an action brought specifically for that purpose, which unpaid taxes are still a lien upon the land.

The saving clauses above mentioned read as follows:

"Sec. 155. All matters relative to the sale and conveyance of lands for taxes under any prior statute, shall be fully completed according to the laws under which they originated, the same as if such laws remained in force." (Laws of 1876, ch. 34, § 155; Comp. Laws of 1879, ch. 107, § 155.)

"Sec. 1. In the construction of the statutes of this state, the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature, or repugnant to the context of the statute: First, the repeal of the statute does not revive a statute previously repealed, nor does such repeal affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced, under or by virtue of the statute repealed. The provisions of any statute, so far as they are the same as those of any prior statute, shall be construed as a continuation of such provisions, and not as a new enactment." (Gen. Stat. of 1868, ch. 104, § 1; Comp. Laws of 1879, ch. 104, § 1.)

We are inclined to think that § 155 of the tax laws of 1876 is broad enough to apply to this case.   The defendant claims, however, that it can be applied only to the mere sale and mere conveyance of lands sold for taxes and to nothing else; but such is not the language of the statute.   The language of the statute makes it apply to " *all matters* relative to the sale and conveyance of lands for taxes;" and these "*matters*" are to " be fully completed according to the laws under which they originated, the same as if such laws remained in force."   A conveyance of lands sold for taxes is never in form a conveyance absolute, but is always in form only a conveyance upon condition.   It is a conveyance "subject, however, to all rights of redemption provided by law."   (Gen. Stat. 1868, ch. 107, § 112; Comp. Laws 1879, ch. 107, § 138.)   And the tax deed in the present case conveyed the property to the defendant's grantor, W. R. Beebe, expressly and in terms, "subject, however, to all rights of redemption provided by law."   It will therefore be seen that under the statutes and as a matter of fact the conveyance by the tax deed under which the defendant now claims, was a conveyance only upon condition and not a conveyance absolute; and this conveyance would become absolute only upon the condition that the original owner did not redeem the land from the taxes within the period of time given him by law for redeeming the same, and only when such period of time had expired, which period of time, in the present case, was that period of time elapsing from the date of the tax sale, which was June 24, 1872, up to the time when the plaintiff's grantor, Seymour L. Byington, became twenty-two years of age, which was on March 29, 1884.   Of course the title to the property passed to the tax-deed holder when the tax deed was executed; but it passed to him only upon a condition subsequent — a condition that it might be defeated as to him and be restored to and reinvested in the original owner.   Now, as the conveyance of the property by the tax deed could not become absolute until March 29, 1884, because of the original owner's continuing right up to that time to redeem the land from the taxes and his right

Tax laws; minor owner; redemption; saving clause.

thereby to defeat and destroy the conveyance, such right of redemption was necessarily one of the "*matters* relative to the . . . conveyance," which the legislature had in contemplation when it enacted said § 155 of the tax law of 1876, and being one of such "matters," such right to redeem under the tax law of 1868 is saved by said section.

The case of *Briscoe v. Comm'rs of Ellsworth Co.*, 23 Kas. 334, has no application to this case. That case was decided under chapter 43 of the Laws of 1879, (Comp. Laws 1879, ch. 107, ¶¶ 5911 to 5914,) which chapter contains no saving clause, and it is clear from the contents of that chapter, that it was "the manifest intent of the legislature" enacting it, that the prior statute should be changed and modified, and that the law, as the legislature then enacted it, should be just what that chapter shows it to be. Besides, in that case it was a county that claimed vested rights under the prior statute, and not an individual person, as in this case; and all the authorities hold that the legislature has more power over the affairs of counties in regulating and determining rights, than it has over the affairs of individual persons.

If the view that we have taken of § 155 of the tax law of 1876 is the correct view, and we think it is, it will not be necessary for us to further consider any of the other questions presented in the case, and therefore we shall not further consider them.

The judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.