### J. L. CRAWFORD v. D. P. SHAFT.

1. NEW TRIAL —*Review.* An error, apparent of record, in a final judgment in the district court, may be reviewed in the supreme court without a motion for a new trial.

2. ———— *Judgment in Ejectment.* Where, in an action of ejectment, judgment is rendered in favor of the plaintiff, and proceedings are had under the occupying claimants' act, and the sheriff's jury return an assessment and valuation of the land and improvements, as well as the rents and waste accrued since the commencement of the action, and the net value of the rents and the waste exceed the value of the improvements, it is the duty of the court, under § 607 of the code of civil procedure, to render a judgment for the difference, in favor of the plaintiff.

*Error from Chase District Court.*

THE opinion states the case.

*Gillett & Sadler,* for plaintiff in error; *Madden Bros.,* of counsel.

*C. N. Sterry,* for defendant in error.

Opinion by GREEN, C.: On the 1st day of April, 1884, D. P. Shaft took possession of the west one-half of the southwest quarter and the southwest quarter of the northwest quarter of section 14, township 20, range 8, in Chase county, claiming the same under a tax deed. On the 5th day of April following, J. L. Crawford brought suit in ejectment, in the district court of Chase county, for the land, claiming title under a patent. The case was tried and resulted in a judgment in favor of Shaft, which judgment was reversed by this court, (*Crawford v. Shaft,* 35 Kas. 478,) and when again tried judgment was entered in favor of Crawford for the possession of the premises, and, upon the suggestion and application of Shaft, the court determined the tax lien, and caused a journal entry to be made that the defendant was entitled to the benefit of the occupying-claimants' act. The defendant having neglected to call for a jury, on the 20th day of January, 1888,

the plaintiff filed his application therefor, and an appraisement was made, which was, upon motion of the defendant, set aside, upon the ground that proper notice had not been given him of the meeting of the jury, and leave was given to either party to require a new jury to be drawn. On May 9, 1888, the plaintiff again filed his application for a jury, which made the following return:

| | |
|---|---|
| Value of land, July 11, 1887 | $1,050 00 |
| Rent of land, April 7, 1884, to July 11, 1887 | 201 30 |
| Waste on land, April 7, 1884, to July 11, 1887 | 49 00 |
| Improvements, July 11, 1884 | 13 30 |

On December 11, 1888, the plaintiff filed his motion for judgment for the amount of rent and waste, after deducting the value of the improvements, according to the assessment of the sheriff's jury. Upon the oral request of the defendant, the court gave him an affirmative judgment against the land for the value of the improvements, and gave the plaintiff judgment for the costs, under the occupying-claimants' proceedings, but overruled the plaintiff's motion and refused to give him judgment against the defendant for the rents and waste, or to allow him to set off the same against the improvements. This ruling of the court we are asked to review.

I. It is first insisted by the defendant in error that a motion for a new trial was necessary to have the assigned errors considered by this court. It has been determined otherwise. The proceedings under the occupying-claimants' act were all after the rendition of the judgment in the original case, and the matter complained of is apparent of record. An error in the final judgment of the district court may be reviewed, although no motion has been made to correct the error in the trial court. (*Coburn v. Weed,* 12 Kas. 183; *Earlywine v. T. S. & W. Rld. Co.,* 43 id. 746.)

II. We think the court erred in its ruling. The defendant asked and obtained a judgment for the improvements that he had placed upon the land when occupying the same under his tax deed. He was not in a situation to question the regularity of the assessment and return of the jury. He

45—46 KAS.

was ready to accept the benefits of a verdict, so far as it related to him. Section 607 of the code of civil procedure reads:

"If the jurors shall report a sum in favor of the plaintiff or plaintiffs in said action, for the recovery of real property on the assessment and valuation of the valuable and lasting improvements, and the assessment of damages for waste, and the net annual value of the rents and profits, the court shall render a judgment therefor without pleadings, and issue execution thereon as in other cases; or, if no excess be reported in favor of said plaintiff or plaintiffs, then, and in either case, the said plaintiff or plaintiffs shall be thereby barred from having or maintaining any action for mesne profits."

The object of this section of the occupying-claimants' act was to provide a simple method by which the occupant and the owner might have settled and determined, without pleadings, the amount due upon the one hand to the occupant for his improvements, and upon the other, the sum due the owner of the land for rents and waste during the period that the other was in the wrongful possession of the premises. The rule is an equitable one which makes it the duty of the party in possession, who claims pay for the improvements he has placed upon the land, to respond to the owner for its net rental value during the period that he has unlawfully held possession of the property. The rent and waste, as returned by the sheriff's jury, having accrued to the plaintiff since the commencement of the original suit, it was within the power of the court, under § 607 of the code, to render judgment in favor of the plaintiff for the amount of such rent and waste, less the improvements, and that amount should have been awarded him without pleadings.

It is recommended that the judgment of the court under the occupying-claimants' proceedings be reversed, and that the district court proceed in accordance with the views herein expressed.

By the Court: It is so ordered.

All the Justices concurring.