THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF KEARNY, *Plaintiff*, v. WILLIAM E. DAVIS, as State Auditor, etc., et al., *Defendants*.

No. 18,460.

SYLLABUS BY THE COURT.

1. TAXATION—*Delinquent State Taxes—Compromised Tax Sales —Liability of County.*   Under chapter 122 of the Laws of 1901 and chapter 328 of the Laws of 1911, counties are not relieved, upon making the certificate provided for, from liability to the state for the unrealized portions of taxes due upon compromised tax sales and are not entitled to be given such a credit by the auditor of state as will relieve them from such liability.

2. —————— *Case Approved and Followed.*   The decision in the case of *Harper County v. Cole*, 62 Kan. 121, 61 Pac. 403, approved and followed.

Original proceeding in mandamus.   Opinion filed February 8, 1913.   Writ denied.

*Clad Hamilton,* and *Clay Hamilton,* both of Topeka, for the plaintiff.

*John S. Dawson,* attorney-general, *James M. Nation,* and *E. W. Grant,* both of Erie, for the defendants.

The opinion of the court was delivered by

BURCH, J.:   The action is one of mandamus against the state auditor to compel him to credit Kearny county with the sum of $5008.07, the amount of state taxes charged against it for the years 1888-1905, inclusive,

and uncollected on sales of land for delinquent taxes. The object is to relieve the county from liability for such taxes on the certificate of the county commissioners and the county clerk that the sum stated is the proper proportion of state taxes remaining uncollected upon compromised tax sales. (Laws 1911, ch. 328.)

The liability of a county to the state for such taxes was considered in the case of *Railway Co. v. Clark,* 60 Kan. 831, 58 Pac. 561, decided in 1889, and in the case of *Harper County v. Cole,* 62 Kan. 121, 61 Pac. 403, the precise question under consideration was · determined adversely to the plaintiff upon the statutes as they stood in the year 1900. In the Harper county case it was pointed out that counties are not relieved from liability to the state for uncollected state taxes upon real estate and that the deficiency is to be made up by a special levy in the succeeding year. Chapter 199 of the Laws of 1885 provided that unrealized taxes should be distributed to the several funds entitled thereto, and that the county commissioners should certify to the auditor of state the proportion of state taxes uncollected for which the county was entitled to credit and that the auditor should credit the county with the amount. A penalty was imposed upon the county board for willfully making a false certificate. It was held that this credit was a provisional credit only in the matter of the accounting between the state and the county as to uncollected state taxes, and that the legislature did not intend to discharge the liability of the county to the state for such taxes.

At the session of 1901, immediately following the decision in the Harper county case, an act was passed using almost the identical language of the act of 1885. The only innovations were that the certificate was to be made by the board of county commissioners and the county clerk instead of by the board alone, six months time from the taking effect of the act was given to

claim credit on previous compromises, the uncollected portions of taxes upon subsequent compromises were to be certified to the auditor within sixty days, and the penalty for a false certificate was extended to "any officer" to include the county clerk.    (Laws 1901, ch. 122.)    If it were the purpose of the legislature to nullify the interpretation which the court had placed upon the provisions of the law of 1885 relating to credit in the auditor's office for unrealized taxes, it failed to avail itself of any of the resources of the English language to express such a purpose.    Instead of that it adopted in the act of 1901 the substantive provision of the law of 1885, which the court had interpreted, without material change, and under all the rules for discovering legislative intent it adopted the interpretation with the language to which it applied. In 1911, the act of 1901 was amended by again allowing sixty days time in which to certify unrealized taxes on previous compromises but in all other respects the act of 1901 was continued in force.    (Laws 1911, ch. 328.).    The action is based on the law of 1901 as amended in 1911.    The court is entirely satisfied with the decision in the Harper county case, but if it were not, the legislature has accepted the decision as sound and has framed its subsequent acts accordingly.

The writ is denied.