# Commonwealth on Relation, etc. v. Towery, Sheriff Caldwell County, et al.

(Decided June 25, 1926.)

## Appeal from Caldwell Circuit Court

1.  Costs—Plaintiff Recovering a Substantial Judgment Held Entitled to Recover All its Costs Unless it Filed Unnecessary Pleadings or Exhibits or Otherwise Incurred Unnecessary Cost.—Where county board of education, in seeking to surcharge settlements of sheriff, recovered a substantial judgment against him, it was entitled to recover all its costs, unless it filed unnecessary pleadings or exhibits or otherwise incurred cost which was not necessary.

2.  Schools and School Districts—Sheriff Failing to Pay Over School Taxes Collected on or Before December 1 Held Liable for Interest from and After January 1.—Sheriff, being required to collect school taxes and pay them over on or before December 1, was liable for interest from and after January 1 if he failed to do so.

3.  Schools and School Districts—Settlement of Sheriff with County Board of education should have Charged Him with Taxes Assessed on Property Outside Graded School Districts and with $1.00 Poll on Each Male Person Over Age of 21 Less Credits for Exoneration, Errors, Commissions, and Amounts Paid as Result of Taxes Collected.—Settlement of sheriff with county board of education should have charged him with all ad valorem tax assessed on property of county outside graded school districts and with $1.00 poll on each male person over age of 21 years residing in county outside graded school districts, and he should then have been credited by such exoneration as county court may have made, if any allowed by fiscal court, plus his commission, clerical errors found to exist in tax books, and amounts paid to treasurer of board of education as result of taxes collected.

4.  Schools and School Districts—In Action to Surcharge Settlement of Sheriff's Account with County Board of Education, Court should have Referred Setlement to Master, with Directions to Ascertain Number of Poll Tax Payers and Charged Sheriff with Such Number, Subject to Such Allowances as had Been Made by County and Fiscal Courts.—After issues were made in action to surcharge settlement of sheriff's account with county board of education, court should have referred settlement to its master, with directions to ascertain exact number of poll tax payers in county outside graded school districts for years in controversy, and charged sheriff with such number, subject to such exoneration and allowances for delinquents as had been made by county and fiscal courts if any.

5.  Schools and School Districts—Master, to Whom Settlement of Sheriff's Account with County Board of Education is Referred, Should Determine Exact Amount of Ad Valorem Tax Due Board

on Property in County Outside of Graded School Districts.—In action to surcharge settlement of sheriff's account with county board of education, master to whom settlement is referred should determine exact amount of ad valorem tax due county board of education on property in county outside of graded school districts.

S. D. HODGE for appellants.

J. E. BAKER for appellees.

OPINION OF THE COUURT BY JUDGE SAMPSON—Reversing.

The board of education of Caldwell county is the real party in interest in this proceeding, and is seeking to surcharge a settlement of Sheriff Towery for the years 1922 and 1923. The Fidelity and Casualty Company of New York, surety on the bond of the sheriff, is an appellee. In the prayer of the petition it is asked that the sheriff be compelled to pay the board of education "the full amount due it upon each of the said levies for the years 1922 and 1923, respectively, and that each of the purported settlements for the years 1922 and 1923, respectively, may be surcharged, and that the defendant may be charged with the true and the correct amount of the assessments for each of said years as herein before set out, and that the plaintiffs may recover of the defendants, and each of them, the true and correct amount which the said defendant, Henry Towery, should have paid to the plaintiff, board of education of Caldwell county, on January 1st, 1923, as proceeds of the taxes for the year 1922, the sum of $1,808.74, with interest thereon at the rate of six per cent per annum from January 1st, 1923, until paid." A similar prayer is made with respect to the taxes for 1923, except that the amount sought is $3,057.63, with interest from January 1, 1924, until paid. And it was further prayed that the sheriff be adjudged not entitled to commissions in excess of one per cent on the amount of such taxes; that there be an accounting between the sheriff and the board of education and that the sheriff be compelled to pay over to the board of education the sums due. To the petition was attached a copy of the sheriff's settlement for the years 1922 and 1923, showing that the assessed valuation of the property of the county was $5,769,523, and the number of polls listed for 1923 was 3,333. However, there were more than 300 additional polls added by the board of supervi-

sors, making the total polls of the county more than 3,500. The settlement also shows that the tax levy for school purposes in the county for 1923 was fifty (50) cents on the $100.00; but this tax was payable only on property outside of graded school districts in Princeton, the county seat, and Fredonia, another town in the county. Some confusion, therefore, arose as to just what property was subject to school taxes, as it is said by counsel for appellee that the boundaries of the graded school district of Princeton and Fredonia are not very well defined and it was, therefore, difficult to determine just how many poll tax payers resided in the county outside the graded school districts, and what property was outside the graded school districts and subject to the county school tax as distinguished from that property which was within the graded school district and not subject to the county school taxes. The settlement of the sheriff shows he collected $5,022.00 polls for the year 1923, for county purposes, but it does not show that he collected or paid over any poll tax for county school purposes although there was a levy of one ($1.00) dollar per capita for county school purposes, and this was collectible of all male persons over twenty-one years of age residing in the county outside graded school districts. In the petition it is alleged that there were 2,400 poll tax payers in the county outside of the graded school district, and that the sheriff was charged on the tax books for school purposes with 2,400 polls of one ($1.00) dollar each. He says in his evidence that he collected several hundred of these, but he does not show by his settlement that he paid any part of it over to the board of education, as was his duty. He also complains that he does not know just how many polls he should have been charged with, owing to the lack of information as to the location of the graded school boundaries. As the graded school boundaries are required to be definitely established and recorded it is an easy matter to determine just where the lines of the district run and who lives within the graded school districts and who on the outside and are subject to the county poll tax for school purposes. As the record is made up we are unable to determine this question.

The court entered a judgment in part reading:

"It appearing to the court that the plaintiffs have failed to show that the defendant, Henry Towery, sheriff of Caldwell county, is guilty of any

negligence, and failed to show by the proof that he could have collected any more taxes than his settlement shows and for that reason should not be charged with anything more than is charged to him in each of said settlements for the years 1922 and 1923, as it is shown that there are numerous mistakes in the assessment of the property and polls subject to taxation for school purposes for each of the said years, and the burden is on the plaintiffs to show the extent of such mistakes, double assessments and errors, and failing to do so, the plaintiffs are not entitled to have said sheriff charged with anything more than is shown in each of said settlements, except that the sheriff is only entitled to a commission of one per centum on the amount actually collected by him as shown by each of said settlements, in place of four per centum.''

The court also adjudged the sheriff had retained excessive commissions amounting to $1,183.54, and adjudged that he pay this sum to the board of education, with six per cent interest thereon from May 1, 1924. From that judgment the board of education appealed because it was dissatisfied with the court's judgment, dismissing its petition as to the poll tax, and also as to some part of the *ad valorem* tax due, as asserted by it, from the sheriff; and the sheriff has prosecuted a cross-appeal as to the judgment of $1,183.54 against him, and also complains that the court taxed all the cost against him, and required him to pay interest from May 1, 1924, on the $1,183.54, which he retained in excess of his regular commission.

As the plaintiff, board of education, recovered a substantial judgment against the sheriff it was entitled to recover all its cost unless it filed unnecessary pleadings or exhibits, or otherwise incurred cost which was not necessary. Appellee insists that a number of exhibits were attached to the petition, such as the sheriff's settlement, which was not necessary, but they were all calculated to throw light upon the controversy, and we do not think that they could be held to be unnecessary, and the cost taxed against the appellants, board of education. It was the duty of the sheriff to collect the school taxes and pay them over on or before December 1st, and if he failed to do so he was liable for interest from and after January 1st. The court only required appellee to pay

interest from May 1st, the date of the filing of the petition, which was more favorable to appellees than they were entitled to have.

The settlement with the sheriff should have charged him with all the *ad valorem* tax assessed upon the property of the county outside the graded school districts, and also with one dollar poll upon each male person over the age of twenty-one years residing in the county outside the graded school districts. He should then have been credited by such exonerations as the county court may have made, if any, allowed by the fiscal court, and then he should have been given credit with his commission of one per cent, and by any clerical errors found to exist, if any, in the tax books. The sheriff paid to the treasurer of the board of education at different times definite sums of money, the result of taxes collected, and this should have been credited to the sheriff. On the balance due both from *ad valorem* and tithes he should have been charged six per cent interest from January 1st, succeeding the date at which he should have collected and paid the same to the treasurer of the board of education.

After the issues were made the court should have referred the settlement to its master, with directions to hear evidence and ascertain the exact number of poll tax payers in the county outside of the graded school districts for the years 1922 and 1923, and when ascertained charged the sheriff with this number, subject to such exonerations and allowances for delinquents as had been made by the county and fiscal courts, if any. The master should also have determined the exact amount of *ad valorem* tax due the county board of education on property in the county outside of the graded school districts. Until this is definitely known no correct settlement can be had. Neither the trial court nor this court has time or opportunity to delve into such varied accounts and minute details and strike a balance such as is necessary to a fair and complete settlement between the sheriff and the board of education. On a return of the case to the lower court an order will be entered referring the matter to the master in the manner above indicated. When this report is filed either party may except thereto, and the trial court will hear and determine any questions raised by exceptions. A cursory examination of the settlement of the sheriff and such documentary evidence as accompanies the record, indicates that he is indebted to the board of education upon a collection of both *ad*

*valorem* and poll taxes, but the exact amount is not ascertainable from the record before the court. Indeed, it may turn out that he does not owe but little or may not be indebted at all, when all the facts are presented. The court expressly reserves its opinion upon all questions not specifically decided. For the reasons indicated the judgment is reversed for preparation and trial in the manner indicated.