## Commonwealth ex rel. Hewlett et al. v. Towery, Sheriff, et al.

## Same ex rel. Caldwell County Board of Education v. Same.

(Decided December 17, 1929.)

S. D. HODGE for appellants.

T. C. BENNETT and DENNY P. SMITH for appellees Towery and Fidelity & Casualty Company.

R. W. LISANBY for other appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

These two appeals are so related that they will be considered in one opinion.

The suit first mentioned in the caption was originally brought by the commonwealth, on relation of John

B. Hewlett and M. P. Pool, taxpayers, for the use and benefit of the board of education of Caldwell county, against Henry Towery, sheriff of Caldwell county, his surety and others, to surcharge the settlements made by Towery as sheriff for the years 1922 and 1923. On final hearing, judgment was rendered in favor of plaintiff. Insisting that it was entitled to a larger judgment, plaintiff appealed. The judgment was reversed, with directions to refer the case to the master commissioner to make a complete settlement of Towery's accounts. Commonwealth v. Towery, Sheriff, 215 Ky. 344, 285 S. W. 204. On a return of the case to the lower court, the cause was referred to the commissioner, who filed a report showing certain balances due the plaintiff. Exceptions were filed by both plaintiff and defendant. Plaintiff's exceptions were overruled, but defendant's exceptions as to two items, one for $404.07 and the other for $162.36, were sustained. Thereupon judgment was rendered in favor of the plaintiff for the sum of $1,586.-36, with interest. From that judgment the first appeal mentioned in the caption was prosecuted.

Appellant's principal contention is that the commissioner should have made his settlement solely from the tax books instead of the cashbooks kept by the sheriff. That ordinarily this is the proper procedure must be admitted, but the evidence introduced on the hearing of the exceptions discloses the following situation: There was never certified to the county board of education for either of the years in question the sum due the common school fund that had been placed in the hands of the sheriff for collection. The tax books did not show whether the taxpayers were in graded school districts or common school districts, and, in determining these matters, the commissioner had to resort to his own knowledge or outside information. Not only so, but the tax books contained many errors growing out of duplicate settlements and erroneous lists, both as to property and to polls, as was disclosed by the fact that those who made additions of the amounts shown on the tax books did not agree as to the correct sum shown by the stubs and receipts. In view of these circumstances, and the fact that the suit was to recover the amount of taxes collected by the sheriff, and of the further fact that the evidence showed that the sheriff's cashbooks correctly recorded every dollar collected from every source due the common school fund, the chancellor was of the opinion that

the commissioner, in resorting in part to the sheriff's cashbooks, used the best available means for making a proper settlement. A careful review of the complicated record constrains us to agree with the chancellor and to hold that he did not err in refusing again to transfer the cause to the commissioner, or in overruling plaintiff's exceptions to the commissioner's report.

Another complaint is that the court erred in sustaining the sheriff's exception to the item of $404.07. It seems that the commissioner charged the sheriff with the Illinois Central Railroad franchise tax for the year 1922 at the rate of 50 cents on the $100 instead of the actual levy of 45 cents; the difference being the sum of $404.07. Certainly the sheriff should not have been charged at a rate higher than the actual levy. The chancellor found from the testimony and record that the excess was made by the commissioner, and we are not prepared to say that he erred in this conclusion.

A similar complaint is made of the court's action in allowing the sheriff a credit of $162.36. The evidence discloses that this sum was paid to the county school superintendent, but it is claimed that the sheriff was not entitled to a credit in that amount inasmuch as the payment was made by the revenue agent. If the sheriff was charged with that amount, then he is entitled to the credit, regardless of who made the payment. Though the question is involved in some doubt, the evidence is not such that we can say that the chancellor erred.

The second suit mentioned in the caption is a proceeding for a new trial on the ground of newly discovered evidence of a documentary character. It is claimed that this evidence will show that the item of $14,576.90 in the amended settlement includes 1,677 polls at $1 each, and that Towery should not be required to pay these polls twice. The original action was brought for the use and benefit of the county board of education, and final judgment was rendered in favor of the board. The purpose of this action is to obtain a new trial in order that the judgment in favor of the board may be reduced in amount. In other words, the action is in the interest of Towery and his surety, and not in the interest of the board. We know of no rule of law that authorizes a municipal corporation, in whose favor a judgment has been rendered in an action brought by taxpayers for its use, to obtain a new trial for the benefit of the parties against whom the judgment was rendered. According

to the petition, the only persons aggrieved by the judgment are the sheriff and his sureties, and the only proper way for them to obtain relief is by an appeal from the original judgment or a proceeding for a new trial. It will not be granted on the application of the county board of education in whose favor the judgment was rendered. It follows that a new trial was properly denied.

Appellant's motion for a subpoena duces tecum directing the clerk of the Caldwell circuit court to transmit to the clerk of this court the tax books of Caldwell county for the years 1922 and 1923, consideration of which motion was passed to the merits, is overruled.

Appellant's motion to expunge certain language from the briefs of counsel for appellee, which motion was also passed to the merits, is sustained, and it is ordered that said language be expunged.

The judgment in each case is affirmed.