# Board of Trustees of Hopkinsville Public Schools v. City of Hopkinsville.

(Decided December 9, 1931.)

SELDEN Y. TRIMBLE and H. W. LINTON for appellant.

W. O. SOYARS, BREATHITT & BREATHITT and O. H. ANDERSON for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The question presented by this appeal concerns the nature and extent of the liability of a city of the third class for taxes levied for school purposes, but not collected from the taxpayer.

The board of trustees of the Hopkinsville public schools instituted an action against the city of Hopkinsville to recover $45,273.70, with interest, on account of various levies made for school purposes in the last nine years, and the further sum of $6,749.29, on account of penalties and accrued interest. It was the position of the plaintiff that the city of Hopkinsville was bound to account to the board of education for the entire levy for school purposes, whether or not it was ever collected.

The circuit court rendered a judgment against the city in favor of the board of trustees for all the taxes actually collected by it, and not theretofore paid over to the plaintiff, but declined to render a judgment for any taxes not collected. The board of trustees have prosecuted an appeal. Since there is no cross-appeal, the various defenses of the city need not be noticed, except the one whether the city is liable, in any event, for any portion of the uncollected taxes.

Appellant insists that the city is responsible to the plaintiff as collector of the school taxes, not only for such tax bills as were actually collected, but for all tax bills that could have been collected.

Hopkinsville is a city of the third class and is operating under the commission form of government. The school district is coextensive with the limits of the city, and the board of trustees of the Hopkinsville public schools is an independent entity. Ky. Stats., secs. 3462-3480. Board of Education v. Townsend, 140 Ky. 248, 130 S. W. 1105. By section 3469, Kentucky Statutes, the board of education is, required to ascertain approximately the amount of money necessary to defray the expenses of maintaining the schools, improving and constructing buildings, and for the liquidation of any liabilities that may accrue during the current fiscal year. The estimate, together with the estimated amount to be received from the common school fund of the state and from all other sources, must be reported to the city auditor or city clerk, who is required to report the same to the general council, if the councilmanic form of government prevails, or to the city commissioners, when a commission form of government is in operation. It then becomes the duty of the legislative board of the city to make the necessary levy, and to collect the taxes to provide for the needs of the schools so certified. The levy, however, is limited to $1.50 on each $100 of value of taxable property. The statute further provides: "Said tax, together with any penalties or accrued interest which may have been collected on same, shall be paid to the board or authorized agent of same as collected." It will be observed that the statute imposes upon the legislative board of the city the duty to levy and to collect the taxes, and it further provides that the taxes, when and as collected, shall be paid to the board of education, or its authorized agent. It was not the purpose or intention of the Legislature in enacting the statute to make the city liable to the board of education for any taxes not collected. It was the purpose of the statute to require the legislative board of the city to make the levy and to collect the taxes in the usual and customary way under the provisions of the city charter. The obligation to pay the money to the board of education was measured by the amount of collections, including any penalties or interest realized thereon. The language employed is not reasonably susceptible to any other construction. If the city should be made liable for uncollected taxes, it would, in effect, make each taxpayer of the city liable not only for his own school taxes, but for the school taxes of others that were not collected by the city collector from

the persons against whom they were levied. When the city makes the school tax levy and places the tax bills in the hands of the city collector, it has discharged its duty under the statute until the money is paid over to it. It is then required only to pay to the board of education, or its authorized agent, the money received by it. If a liability arises for negligence or default in the collection of the taxes, it must be enforced against the negligent or defaulting collector, as is done in the case of sheriffs. Com. v. Griffy, 208 Ky. 469, 271 S. W. 560; Com. v. Towery, 215 Ky. 344, 285 S. W. 204; Bush v. Board of Education of Clark County, 238 Ky. 297, 37 S. W. (2d) 849.

The charter of third-class cities as originally enacted created the office of city collector. Section 3412 et seq., Ky. Stats. It is yet in force, except where the commission form of government has been adopted. The collector is required to give a bond with good sureties, and his liability on the bond is defined. Section 3423, Ky. Stats.; Delker v. City of Owensboro, 61 S. W. 362, 22 Ky. Law Rep. 1777. But when the commission form of government was adopted in Hopkinsville, all the city offices, except those of mayor, police judge, and prosecuting attorney, were abolished. Section 3480b-4, Ky. Stats. We are informed in the briefs that the duties of the city collector, as defined in the old charter, were transferred under the present form of government to the head of one of the administrative departments. Doubtless the duties, obligations, and responsibilities of the office apply equally to the new incumbent. That question, however, may properly be decided only when it is presented. All we are authorized to decide in the present case is whether the city can be held liable for alleged defaults of the collector. It is clear the statute purports to impose no such liability. Hence the court did not err in dismissing the action in so far as it sought recovery for taxes not collected or paid to the city.

It is argued, however, that the general rule of law is, that a municipality, charged with the duty of collecting taxes for the state or for another municipality within its limits, must be held responsible for the entire amount of taxes levied, not deducting for delinquencies. 37 Cyc. 1594. State v. Board of Commissioners of Laramie County, 8 Wyo. 104, 55 P. 451; City of Muskegon v. Muskegon County, 123 Mich. 272, 82 N. W. 131: Com. v. McKean County, 200 Pa. 383, 49 R. 982; Town of

Spooner v. Washburn County, 124 Wis. 24, 102 N. W. 325; Board of Commissioners of Kearny County v. Davis, Auditor, 88 Kan. 858, 129 P. 942. These cases, and others of like character, have no application to the instant case. They arose under statutes prescribing a definite amount of money to be paid. The state has power to compel a county or other taxing district to be responsible as principal debtor for a specific amount of money to the state or other municipality, and, in cases where that liability has been enforced, the duty was expressly imposed by the statute, or in some cases by the Constitution. The city of Hopkinsville discharged its full duty under the present statute when it made the levy, and paid to the board all the money which came into its treasury. When the city discharged its statutory duties it was not liable further, even if the collector was lacking in diligence in coercing the payment of school tax levies, or in pursuing the property of delinquents. If any cause of action in favor of plaintiff existed on that score, it was not against the city of Hopkinsville. State of Kansas v. Leavenworth County, 2 Kan. 61; Guittard v. Marshall County, 4 Kan. 388.

The conclusion reached renders it unnecessary to consider the other questions argued in the briefs respecting the collectibility of particular items of taxes, or where the burden of proof belonged in this particular case.

The judgment is affirmed.