636    KENTUCKY REPORTS.    [Vol. 111

Board of Directors of Mason Co. Infirmary v. Smith's Committee.

CASE 65—ACTION TO RECOVER FOR BOARD AND MEDICAL ATTENTION—
SEP. 27.

# Board of Directors of Mason County Infirmary v. Smith's Committee.

### APPEAL FROM MASON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.    AFFIRMED.

PAUPERS—ACQUISITION OF ESTATE AFTER ENTERING COUNTY INFIRMARY
—RECOVERY FOR SUPPORT.

Held:    Under an act authorizing the directors of a county infirmary,
as soon as any person is admitted to such infirmary as a pauper,
to take possession of any property he may own, and apply the
proceeds of same to his maintenance, the directors are not au-
thorized to apply property acquired by a pauper after he enters
the infirmary to the payment of his board for the time prior
to the acquisition of such estate.

FRANK P. O'DONNELL, FOR APPELLANT.

Dina Smith, a helpless negress, broken down by the infirmity
of years, without funds or friends, and incapable mentally of
knowing her own needs, became an inmate of the Mason county
infirmary, and was kept there some twelve or fifteen years, re-
ceiving kind treatment, clothing, lodging, nursing and medical
attention.

Just prior to the bringing of this suit she received a pension
from the U. S. Government, amounting, with back pay, to $670.
The pleadings show that within five years prior to the bringing
of this suit her board, lodging, clothing and medical attention
was reasonably worth $2 per week, amounting to $504 for the
five years, which was all due and unpaid. The appellant is
a corporation and sues in its corporate name.

A demurrer was sustained to the appellant's petition, and the
sole question is:    Do the pleadings state a cause of action?
We claim that a cause of action is stated, and if it is stated,
though indefinitely, and on the wrong side of the docket, a de-
murrer could not reach the supposed defects.

### AUTHORITIES CITED.

Ky. Civil Code, sec. 119; City of Covington v. Hoadley, 83
Ky., 446; Central Kentucky Asylum v. Penick, 44 S.
W., 92; Kentucky Statutes, sec. 256; Miller's Exr. v. Jolly, 5

Ky. Law Rep., 327; Nicholas v. Sinnett, 89 Ky., 630; Civil
Code, sec. 95, sub-sec. 2; Coleman v. Comrs. Lunatic Asylum,
6 B. M., 241; Act General Assembly, 1873-4, page 190; Muir v
L. & P. Canal Co., 8 Dana, 161; 7 Am. & Eng. Ency. of Law,
2d ed.) 755; Century Dictionary & Ency. Word "pauper."

L. W. ROBERTSON, FOR APPELLEE.

The petition does not show any liability on the part of Dina
Smith to pay the claim of appellant. There is no obligation
set out. She made no contract express or implied. The stat-
ute did not impose an obligation. The Mason county infirmary
is the "poor-house" of the county. Dina Smith was received
into the poor-house as one of the paupers of Mason county.
The support and care of the poor is pure gratuitous charity,
without any obligation express or implied on the part of the
recipient to pay for same.

On the contrary, the statute (sec. 3933, 3931, Kentucky Stat-
utes) imposes the obligation on the county without any con-
dition to support such paupers as Dina Smith, and no liability
is imposed on her to reimburse the county in the event she
thereafter becomes able by the acquisition of property by
gift, inheritance or otherwise.

The demurrer to appellant's petition was properly sustained.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

By an act of the Legislature approved on the 4th of
February, 1874, Mason county was authorized to purchase
ground, and erect thereon a county poorhouse infirmary.
Section 21 of the act provides that: "Where persons are
admitted into said county infirmary as paupers, and such
persons be possessed of or the owners of real or personal
property, or having an interest in same in reversion, or
in any other manner, legally entitled to any gift, legacy,
or bequest, of whatever nature or kind soever, the direc-
tors may, as soon after such persons are admitted to said
infirmary as they may think proper, take possession of
all or any such property, or other interest such pauper
may lawfully be entitled to, and sell or dispose of same
as hereinafter provided; and the net proceeds arising

638 KENTUCKY REPORTS. [Vol. 111

Board of Directors of Mason Co. Infirmary v. Smith's Committee.

therefrom shall be applied, in whole or in part, under the especial directions of said directors, and in such manner as they may think best, to the maintenance of such person during the continuance of such person as a pauper in said infirmary." Acts 1873-74, p. 200.

On the 19th day of February, 1893, Dina Smith, an indigent pauper, was received as an inmate of the institution, and remained there until January, 1898, receiving such board, nursing, and medical attention as the institution afforded to its pauper patients. In January, 1898, she became a United States pensioner, and received in back pay, $670, and a further allowance of $8 per month, which was to continue during her lifetime. In a proceeding in the Mason county court, she was, on the 25th day of January, 1898, found to be a person of unsound mind by reason of infirmity and weight of age, and incompetent to manage her estate, and C. B. Pierce, Jr., was appointed her committee. Thereafter the board of directors of the county poorhouse instituted this suit, in which they sought to recover a judgment against the committee for $504, being the amount alleged to be due by Dina Smith for board and medical attention during the time she was an inmate of the institution. A general demurrer was interposed by her committee, which was sustained, and the petition dismissed, and the case is now here for review. It is insisted for appellant that, under section 21 of the charter, it is entitled to maintain this action, and that the petition states a good cause of action; that the powers conferred upon the directors of the Mason county infirmary by section 21 are analogous to the powers conferred upon the board of commissioners of insane asylums by section 257 of the Kentucky Statutes, which provides that where patients who have been or

may be supported in either of said asylums have or shall
acquire estate which can be subjected to debt, the board of
commissioners, in every such case, shall sue for and may
recover the amount of such patient's board at the rate
of $200 per year.    The section of the statute referred to
in the act relating to insane asylums expressly provides
that the commissioner of the asylum shall sue for the
board of all patients who have been or may be inmates
of such asylum who shall have acquired estate which
can be subjected to debt.    The section manifestly con-
templated that board might be exacted from patients who
had or might acquire estate for past services, rendered to
them while inmates of the asylum.    While section 21 of
appellant's charter authorized its directors to take pos-
session of any property which its pauper inmates may be
entitled to, and apply same to their support during the
time they may actually be inmates of the infirmary, there
is nothing in the section which indicates that the direc-
tors of the institution are entitled to recover estate sub-
sequently acquired by these pauper inmates, and apply
them to the discharge of their board incurred previous
to the acquisition of such estate.    Section 3931 of the
Kentucky Statutes makes it the duty of the county court
in term time, and the county judge in vacation, to order
any poor person which he may deem a proper subject to
be taken to the poorhouse and supported, and to cause
medical aid to be employed at the public expense for such
pauper; and no obligation rests upon the pauper to pay
for the charity so extended out of property which he may
subsequently acquire.    If the appellee, Smith, continued
to be an inmate of the poorhouse after the reception of
her pension from the government, appellant would

be entitled to have paid over to it the amount of such pension, to be applied, under its direction, to her support and maintenance. We think the provision of appellant's charter is entirely prospective in its operation. For reasons indicated, the judgment is affirmed.