Commonwealth for Use of Nicholas County v. Stone and Others.

---

CASE 55—ACTION BY COMMONWEALTH FOR USE OF NICHOLAS COUNTY
v. S. F. STONE AND OTHERS, SURETIES ON THE OFFICIAL BOND
OF THE SHERIFF TO RECOVER MONEY COLLECTED UNDER A VOID
LEVY.—JAN. 13.

# Commonwealth for Use of Nicholas County v. Stone and Others.

### APPEAL FROM NICHOLAS CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. AFFIRMED.

SHERIFF—BOND—SURETIES—TAX—CONSTITUTIONAL LIMIT—EXCESS.

Held:   1. Where a county levied and the sheriff collected a tax for county purposes in excess of the constitutional limit, the sureties on his general official bond, conditioned as required by Kentucky Statutes, section 4556, that he shall "well and truly discharge all the duties of said office, and pay over to such

| | |
|---|---|
| 114 | 511 |
| 124 | 476 |
| 114 | 511 |
| 133 | 484 |
| 114 | 511 |
| 132 | 747 |

**512**      KENTUCKY REPORTS.      [Vol. 114

Commonwealth for Use of Nicholas County v. Stone and Others.

persons, at such times as they may be respectively entitled thereto, all money that may come into his hands as sheriff," are not liable for such excess of tax collected.

WINFIELD BUCKLER, FOR APPELLANTS.

### POINTS AND AUTHORITIES.

The sureties on the bond sued on are liable for *the wrong* committed by both the sheriff and his deputy *for the wrongful collection* of money under tax process. Kentucky Statutes, sec. 4141; Johnson, &c. v. Williams' Admr., 23 Ky. Law Rep., 658; Munfree on Sheriffs, sec. 60; State v. Shacklett, 5 Am. Law Register, 664; Shields v. Pflang, 101 Ky., 407; Freeman on Executions, vol 2, 254; Com. for Use v. Stockton, 5 Mon., 193; Am. & Eng. Ency., vol. 25, (1st ed) 466, "note;" Mechem on Public Officers, sec. 285; Clancy v. Lenworthy, 74 Iowa, 743; Am. & Eng. Ency., vol. 25, (1st ed) 478.

2. The sureties of a sheriff are liable for taxes *actually collected* under void process *and not paid over*. Throop on Public Officers, secs. 289, 290, 220; Cooley on Taxation, secs. 705, 708; Pingree on Suretyship & Guarantee, secs. 337, 310; Mechem on Public Officers, sec. 694; Am. & Eng. Ency. of Law, vol. 24, 894, 879; Webb Co. v. Gonzules, &c., 6 S. W. Rep., 782; Palmer v. Craddock Hugh (1st Ky.), 183; Inhabitant of Orono v. Wedgewood, 69 Am. Dic., 82.

ADDITIONAL AUTHORITIES CITED FOR APPELLANT.

1. Blair v. Carlisle J. T. Co., 4 Bush, 157; Com. for Use v. Scott, &c., 23 R., 1s490; Kentucky Statutes, sec. 4556, 1715; Howard v. Com., 104 Ky., 492; Pingree on Suretyship & Guarantee, sec. 337; Mechem on Public Officers, sec. 694; State v. Shacklett, 5 Am. Law Reg., 168; Am. & Eng. Ency., vol. 24, 894; Ency. of Pleading & Practice, vol. 15, 154.

2. Freeman on Executions, vols. 1, 100-102; Bouvier's Just., vol. 3, 564; Mechem on Public Officers, secs. 767, 772; Am. & Eng. Ency. of Law, vols. 25, 478; Munfree on Sheriffs, sec. 68; Croker on Sheriffs, sec. 864; Anderson v. Thompson, 10 Bush, 135.

JOHN I. WILLIAMSON, FOR APPELLEES.

### POINTS AND AUTHORITIES.

1. The sureties upon the sheriff's bond are bound only by the acts of the sheriff done by virtue of his office, and the petition in this case discloses that the acts here complained of, being done under void process, were not done by the sheriff by virtue of his office. Whaley, &c v. Commonwealth, for Use, &c.,

Commonwealth for Use of Nicholas County v. Stone and Others.

23 Ky. Law Rep., 1292; Governor v. Perrine, 23 Ala., 807; State v. Mann., 21 Wisc., 692; Turner v. Collier, 4 Heiskell, 89; Fitzpatrick v. Branch Bank, 14 Ala., 533; Dean v. Governor, 13 Ala., 526; Forward v. Marsh, 18 Ala. 645; Thomas v. Browder, 33 Tex., 783; Gerber v. Ackley, 37 Wisc., 43, 19 Am. Rep., 751; Marquess v. Willard, 12 Wash., 528, 50 Am. St. Rep., 906; Allison v. People, 6 Col. Appeals, 80; McLenden v. State, 92 Tenn., 520; Brown v. Weaver, 76 Miss., 7, 71 Am. St. Rep., 512 Poindexter v. Greenhow, 114 U. S., 282; Cooley on Taxation, 2d ed., 712; Leggett v. Humphreys, 21 Howard, 66; Holiman v. Carroll's Admr., 27 Tex., 23; People v. Schuyler, 4 N. Y., 173; State v. McDonnough, 9 Mo. App., 63; State v. Wade, 87 Md., 544; State v. Moore, (Neb.) 77 N. W. Rep., 474; Eaton v. Kelly, 72 N. C., 110; Hawkins v. Thomas, 3 Ind. App., 399; Chandler v. Rutherford, 101 Fed. Rep., 774.

2. Of two innocent parties he whose negligence made the loss possible must bear the loss. And the loss, if any, in this case is due to the negligence of the tax-payers in paying a void levy.

CHAS. W. WOOD, FOR APPELLEES.

POINTS AND AUTHORITIES.

The sureties on an official bond of a sheriff are not liable for an unconstitutional tax collected by the sheriff and said tax is not covered by the undertakings of the sheriff's sureties on his bond

AUTHORITIES CITED.

Hawkins v. Commonwealth, I. T. B. Monroe, 146; Brown v. Commonwealth, 6 J. J. Marshall, 636; Comonwealth for Arnold v. Summers, 3 Bush, 55; Mercer County v. Gabbard, Admr., 5 Bush, 438; Griffith v. Commonwealth for Use, &c., 10 Bush, 234-5; Hughes v. Cotton, 13 Bush, 600; Dawson v. Lee and Lee v. Hill, 83 Ky., 55; Hammond v. Crawford, 72 Ky., 76; Greenwell v. Commonwealth for Use, &c., 78 Ky., 320; Osenton's Admr. v. Burnett, 19 Ky. Law Rep., 610; H. Whaley, &c. v. Commonwealth, 23 Ky. Law Rep., 1292-1306.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—AFFIRMING.

The fiscal court of Nicholas county in 1897 leved a tax of 59 cents on the $100 for county purposes—9 cents in excess of the constitutional limit; and the sheriff of the county, S. A. Ratcliff, collected about $3,200 under this void levy, and this suit was instituted against the sureties

514 KENTUCKY REPORTS. [Vol. 114

Commonwealth for Use of Nicholas County v. Stone and Others.

upon his general official bond to recover the amount so collected. The only difference between this case and the case of Whaley v. Com. (110 Ky., 154) (23 R., 1292) (61 S. W., 35), is that that suit was on the revenue bond required by section 4133 of the Kentucky Statutes, which reads: "We, A. B. sheriff, and C. D. and E. F. his sureties bind and obligate ourselves, jointly and severally to the Commonwealth of Kentucky that said A. B., sheriff, shall faithfully perform his duties." Whilst this is upon what is generally termed the sheriff's general official bond, required by section 4556 of the Kentucky Statutes, and reads as follows: "We, A. B., the principal, and C. D. and E. F., sureties, hereby covenant to and with the Commonwealth of Kentucky that said A. B. of —— county shall by himself and deputies well and truly discharge all the duties of said office, and pay over to such persons, at such times as they may be respectively entitled thereto, all money that may come into his or their hands as sheriff." In both cases the plaintiff sought to recover of the sureties the same fund, and upon the same grounds, and to support their contention substantially the same argument is made and the same authorities relied on in this case as in that. The case is not entirely free from difficulty, as respectable authorities have been found to support appellant's contention, but we concluded in the Whaly case that the best line of reasoning and the preponderance of the authorities supported the conclusion there reached. As the opinion in that case contains a full statement of the facts and reasons for our conclusion, and the court has determined to stand by the opinion delivered in that case, it is unnecessary to repeat them in detail in this proceeding. The responsibility of the sureties must be measured by the terms of the bond as made out on strict construction. In Osenton's

Adm'x v. Burnett (19 R., 610) 41 S. W., 270, it was held
that, where a county court had levied a tax to satisfy a
judgment against the county, and appointed a collector to
collect it, and required a bond therefor with sureties, the
sureties were not liable for the excess of money collected
beyond the satisfaction of the debt named in the order
requiring the bond. The court said: "The liability of
the securities in an official bond is measured by its terms.
The reasonable and fair construction of the terms of this
bond is to confine the liability of the sureties to the work
required of Burnett in collecting sufficient funds to pay
the judgment and cost of proceeding. If the collector in
fact collected more than was sufficient for that purpose,
or might have done so with reasonable effort, he may be
liable to the county, but not to the securities." There is
no question about the liability of the sheriff for the funds
collected by him, but the question now to be determined
is as to the liability of the sureties, and whether there is
such a difference in the covenant of the two bonds quoted
supra as would make the sureties liable for the illegal act
of the principal in the one case, and not in the other. It
was held in Howard v. Com. (105 Ky., 604) (20 R., 1411)
49 S. W., 466, Pulaski Co. v. Watson (106 Ky., 500) (21
R., 61) 50 S. W., 861; Catron v. Com. (21 R., 650) 52 S. W.,
929, and Adair v. Bank (21 R., 934) 53 S. W., 295, that,
where a sheriff executed the bond required by section
4133, the sureties thereon were liable not only for the
State revenue, but also for the county levy; that all these
bonds were intended to cover substantially the same lia-
bilities, and were cumulative in character, and, so far as
we are able to discover, the obligation of the sureties in
each of them is substantially the same. As said in Wha-
ley v. Com.: "They covenant that their principal shall

perform every act which the law required of him as such official to perform; and that, if he fails to do that which he is required by law to do in the discharge of his official duty, they will answer for such default. But no act prohibited by the Constitution can ever become a duty." We therefore conclude that the sheriff's liability for the funds sued for is not covered by the undertaking of his sureties in the bond sued on in the proceeding, and no recovery can be had, and that the chancellor properly sustained the demurrer.

Judgment affirmed.

Petition for rehearing by appellant overruled.