CASE 60.—ACTION BY THE COMMONWEALTH FOR THE
USE OF MRS. DEVOE AGAINST JOHN F. BASKE,
SHERIFF OF KENTON COUNTY, AND OTHERS TO
RECOVER TAXES PAID.—January 30.

# Commonwealth, for Use of Devoe, v. Baske, &c.

Appeal from Kenton Circuit Court.

W. McD. SHAW, Circuit Judge.

Judgment for defendants. Plaintiffs appeal.
Affirmed.

Counties—Action by Tax Payer—Taxes Illegally Collected—
Remedy.—Counties are subordinate subdivisions of the State
and are not liable to suit unless authority can be found for
it in the statute or it follows by necessary implication from
some express power given. Where taxes have been wrong-
fully collected by county officials and are in hands of the
collecting or disbursing officers, a direct action may be brought
by the tax payer against the person holding the tax, but
after the taxes collected have been paid out the tax payer
is without remedy as against the county.

A. G. SIMRALL, attorney for appellants.

## SUMMARY.

1. The tax levies for which refunder is sought in this case.
being illegal and void, being paid under compulsion of distraint
and arbitrary sale, can be recovered back. (Fecheimer Bros. v.
Louisville, 84 Ky., 306; Louisville v. Anderson, 79 Ky., 339;
City of Covington v. Powell, 2 Met., 226; Brands v. Louisville,
23 Ky. Law Rep., 444; L. & N. R. R. Co. v. Hopkins, 87 Ky., 613;
Bank v. Coulter, Auditor, 23 Ky. Law Rep., 1883; Same v. Same,
23 Ky. Law Rep., 1888.)
2. The Fiscal Court, being a de facto, as well as a de jure

Commonwealth for use of Devoe v. Baske, &c.

body, acting through a quorum of five magistrates, and the county judge, whose title to seats in the fiscal court was never questioned, has full authority in law, to make the levies, and having made them illegally, they should be refunded.  (Sec. 1837, Kentucky Statutes; Lewis v. Brodenborg, 20 Ky. Law Rep., 1016; Heiskill v. Mayor, 65 Md., 125; Rushville Gas Co. v. Rushville, 121 Ind., 206; Beach Public Corporations, vol. 1, page 692; Morton v. Youngerman, 89 Ky., 595; Am. & Eng. Ency. of Law, vol. 23, page 591 (New Ed.); Bybee v. Smith, 22 Ky. Law Rep., 1684; McGuire v. Justices, &c., 7 B. Mon., 340; Graham v. Blount, 12 B. Mon., 243.)

3.   In the absence of anything to the contrary, the law presumes that a court or municipal body having authority to make tax levies, proceeds with a legal and properly constituted body, and upon proper principles in making the levy.  (McGuire v. Justices of Owsley, 7 B. Mon., 340; Graham v. Blount, 12 B. Mon., 243; Am. & Eng. Ency. of Law, vol. 21, page 798, New Ed.)

4.   For principles decided in the Richardson case, see:  (Richardson v. Boske, 23 Ky. Law Rep., 1213; Huelefield v. McInerney, 25 Ky. Law Rep., 274.)

5.   The funds collected having been paid over to the county, and having been by it, used in defraying all the governmental expenses of the county, the county is alone responsible for a refunder.  (See cases cited under Section 1, Summary.)

FURBER & JACKSON, attorneys for appellants.

POINTS AND AUTHORITIES CITED.

Richardson v. Boske, decided October 31, 1901, 23 Ky. Law Rep., 1209.

1.   Right of appellant to sue for all taxpayers similarly situated. (Civil Code or Practice, section 25; Whaley v. Commonwealth, 110 Ky., 154, etc.; Commonwealth, use, &c., v. Scott, &c., 112 Ky., 252, &c.)

2.   Trust Fund.  (Louis & Mason Turnpike Road Co. v. Thomas, 8 Ky. Law Rep., 872; McMann v. City of Louisville, 23 Ky. Law Rep., 558; Civil Code of Practice, section 25, page 559.-

3.   Leave of Court.  (Bliss on Code Pleadings ,section 81; Flint v. Spurr, vol. 17 B. Monroe, p. 513; Bardstown & Louisville R. R. Co. v. Metcalfe 4 Metcalf, p. 200; Kinkaid on Code Pleading, section 15, p. 307; Ohio Statutes, section 5008.  Platt, &c. v. Colvin, et al., 50 Ohio State, 707, etc.)

4.   Injunction to prevent other parties from suing.  (Spelling on Injunction, section 61; Erie Railway Co. v. Ramsey, 45 N. Y., 637; Willard on Eq. Jurisp., p. 401; Pomeroy on Eq. Jurisp.,

Commonwealth for use of Devoe v. Baske, &c.

section 1345; Blair v. Carlisle & Jackson Turnpike Co., 4 Bush 157; Whaley v. Commonwealth, use, &c., 23 Ky. Law Rep. 1292, 1295; Commonwealth, use, &c., v. Scott, 23 Ky., 1488, 1493.)

5. Who should appellant have sued? (Pomery on Eq. Jurisp., section 245, paragraph 4; Civil Code of Practice, section 25.)

6. Right to Recover taxes illegally collected. (Richardson v. Boske, 111 Ky., 895, 23 Ky. Law Rep., 1209; 23 Ency. of Law, 2nd Ed., p. 590, 591, and cases cited; Huelefeld v. McInerney, Sheriff, 25 Ky. Law Rep., 272.)·

7. The taxes can be collected back. (City of Louisville v. Anderson, etc., 79 Ky. p. 334, etc.; City of Louisville v. Scherle, 80 Ky., p. 71; Louisville & Nashville R. R. Co. v. Hopkins county, 87 Ky., p. 605, etc.; Titus v. Rochester German Ins. Co., 97 Ky., 567; City of Maysville v. Melton, 102 Ky., 72; Burr v. Town of Stanton, 102 Ky., 462; Whaley, et al. v. Commonwealth, 110 Ky., 154; Commonwealth v. Scott, 112 Ky., 252.)

8. De factor officers. (Hildreth v. McIntyre, 1st J. J. Marshall, 206.)

9. Estoppel. (8 Ency. of Law, 784, etc.; 26 Ency. of Law, 534.)

10. The county liable. (McCann v. City of Louisville, 23 Ky. Law Rep., 588.)

R. S HOLMES, attorney for appellants, Wallace, &c

AUTHORITIES CITED.

City of Maysville v. Melton, 102 Ky., 79; City of Louisville v. Anderson 79 Ky., 334; Fechmier Bros. v. Louisville, 84 Ky., 306; Brands v. Louisville, 23 Ky. Law Rep., 444; L. & N. R. R. Co. v. Hopkins, 87 Ky., 613; Bank v. Coulter, 23 Ky. Law Rep., 1883; City of Covington v. Powell, 2 Metc., 226; Richardson v. Boske, 123 Ky. Law Rep., 1213; Section 141, Constitution; McGuire v. Justices of Owsley county, 7 B. Mon., 340; 1st Dillon on Municipal Corporations, 276; Lewis v. Brandenburg, 20 Ky. Law Rep., 1016.

FRANK M. TRACY for Kenton County.

CLASSIFICATION UNDER RULE XVII.

1. The so-called Fiscal Court, as it existed prior to 1902, was an absolutely illegal and void body. (Constitution, section 144; Kentucky Statutes, section 1833; Richardson v. Boske, 23 Ky. Law Rep., 1209; Huelefeld v. McInerney, 25 Ky. Law Rep., 272.)

2. Being without constitutional or statutory authority for its existence, this so-called Fiscal Court could not be "de jure" the Fiscal Court of Kenton county. There can be no such thing as a de

Commonwealth for use of Devoe v. Baske, &c.

facto Fiscal Court; consequently the acts of the usurping board are void, and of no binding effect on Kenton county. (Hildreth v. McIntire, 1 J. J. Marsh., 206; Norton v. Shelby County, 118 U. S., 425; Town of Decorah v. Bullis, 25 Iowa, 12-18; Re Hinkle, 31 Kan., 712; Herrington v. State, 103 Ga., 318; State v. McFarland, 25 La. Ann., 547; Cheever v. Duffell, 32 La. Ann., 650; Heinze v. People, 92 Ill., 406; Town of Lewiston v. People, 23 Ill., 483; Carlton v. People, 10 Mich., 250; Ex Parte Snyder, 64 Mo., 58; State v. O'Brien, 68 Mo., 153; Ayres v. Latimer, 57 Mo. App., 78; Flaucher v. Camden, 56 N. J. L., 244; Re Quinn, 152 N. Y., 89; Strickland v. Griffin, 70 Ga., 546; Hower v. Seldenridge, 2 W. Va., 274-283; Dillon on Municipal Corporations, sec. 276.-

3.    The fact that the country magistrates (being five in number) constituted a majority of the constitutional court, did not make their acts binding. These magistrates did not claim merely that they constituted a majority of the court, they contended that they were the court itself, and so acted.

4.    The illegal taxes were never received by Kenton county, hence it cannot be required to refund what it never received. (Cooley on Taxation, (3rd Ed.), 1489.)

5.    If appellants have a claim at all, it is against the sheriff who collected the taxes, and not against Kenton county. (Whalley v. Commonwealth, 110 Ky., 154; Commonwealth v. Stone, 24 Ky. Law Rep., 1297; Insurance v. Herrott, 109 Iowa, 606-615; Wood v. Sturman, 27 Texas, 584.)

OPINION OF THE COURT BY JOHN D. CARROLL, COMMISSIONER—Affirming.

In Richardson v. Boske, 64 S. W., 919, 23 Ky. Law Rep., 1209, which was a suit by certain taxpayers of Kenton county residing outside of the corporate limits of the City of Covington to enjoin the sheriff from collecting taxes levied upon their property by the fiscal court of Kenton county, this court held that the injunction prayed for should have been granted, resting its opinion upon the ground that the fiscal court was composed of all the magistrates in the county of Kenton, seven in number, and that the taxable property of the entire county, including that situated within the corporate limits of the City of

Covington, as well as that without, was liable for its proportionate part of the taxes imposed for county purposes; whereas, the tax sought to be enjoined was levied by the five justices of the peace who resided outside the corporate limits of the City of Covington, the two justices residing in the city not taking any part in making the levy, which was only imposed upon the property outside the City of Covington, thereby exempting from the tax levied two-thirds of the property of the county, and imposing upon the one-third a burden that should not be borne by all of it. This opinion was approved in McInerney, Sheriff, v. Huelfield, 116 Ky., 28, 75 S. W., 237, 25 Ky. Law Rep., 272. After the rendition of these opinions, the appellant Mrs. Devoe brought this suit against the sheriff and his sureties, the county judge, and the members of the fiscal court, the treasurer of the county, and the county of Kenton, alleging, in substance, in the petition as amended that she had been for five years the owner of $40,000 worth of property situated in Kenton county outside of the city, which was assessed for taxation for state and county purpose for the years 1898 to 1901 inclusive, and that during these years the county judge and the five justices of the peace who were elected from and resided outside of the City of Covington acted as the fiscal court of Kenton county, the two justices located within the city not acting with the fiscal court as above composed; that the county judge and the five magistrates levied a tax upon all the property in the county outside of the City of Covington, for each of said years, to raise funds to pay the salaries of the county officers, and for road and bridge purposes, no part of said taxes being levied upon property situated within the city; that for the years named the assessed valuation of the property in the city was about three-

fourths of the entire assessment of the county, and
that all the property in the county within and with-
out the city was liable for its ratable proportion of
the expense of defraying the salaries of the officers
and for the maintenance of the roads and bridges;
and that by reason of the imposition of this entire
tax upon the property outside of the city, property,
so situated was burdened with taxes grossly in excess
of its just and legal proportion. She further averred
that the taxes were involuntarily paid, being coerced
by threats of levy and distraint, and paid in igno-
rance of her legal rights; that the levies made by
the fiscal court as so constituted and in the manner
stated were illegal; that the money collected, except
a small portion of same had been paid by the sheriff
to the county of Kenton, or its treasurer, and
expended for the use and benefit of the persons and
funds for which it was imposed. She asserted that
the taxes so illegally collected constituted a trust
fund for the benefit of the persons from whom it had
been wrongfully exacted. She prayed for judgment
in her own behalf for $700, the amount of taxes
illegally exacted from her, and judgment in behalf of
each of the other taxpayers similarly situated, and
asked that the case be referred to the master com-
missioner to ascertain and report the amount illegally
collected, and from whom, and in whose hands, the
fund was, or what disposition was made of the money
collected. A number of other taxpayers filed interven-
ing petitions in the case, setting up substantially the
same state of facts as appellant, asking the same
relief. On motion of defendants, now appellees, the
lower court required the plaintiff to elect which of the
parties they would prosecute the action against.
They elected to prosecute against the county of
Kenton, and thereupon a demurrer was sustained to

the petition, and, declining to plead further, the case is brought here.

It is not seriously insisted by appellants that they have any valid claim against any of the defendants except the county of Kenton. Therefore, we will consider the question as if it were a suit by appellants against the county of Kenton alone. Indeed, no appeal is regularly prosecuted except from the order sustaining the demurrer of Kenton county to the petition as amended. Can a taxpayer maintain a suit against a county to recover taxes illegally and wrongfully exacted by the officers of the county after the taxes have been paid out by the disbursing officers of the county? We think not. It is a well-established doctrine in this State, and in harmony with the rule generally prevailing, that counties are not liable to suit, unless authority for it can be found in the statute, or it follows by necessary implication from some express power given. The reason upon which this rule rests is that counties are subordinate political subdivisions of the State. They are created for public purposes, and are a part of the necessary machinery of government, and can no more be sued by the citizen than can the State. Downing v. Mason County, 87 Ky., 208, 10 Ky. Law Rep., 105, 8 S. W., 264, 12 Am. St. Rep., 473; Wheatley v. Mercer County, 9 Bush, 704; Hite v. Whitley County, 91 Ky., 168, 12 Ky. Law Rep., 764, 15 S. W., 57, 11 L. R. A., 122; Simons v. Gregory, 85 S. W., 751, 27 Ky. Law Rep., 509; Sinkhorn v. Lexington T. P. Co., 65 S. W., 356, 23 Ky. Law Rep., 1479. It is true that in these cases damages were sought to be recovered for injury to person or property, but the principle announced, and the ground upon which the opinions rest, is that, in the absence of statutory authority or necessary implication flowing from the exercise of a power granted,

an action against a county will not lie.   We have not
been able to find any authority in the statute for an
action such as this.   In fact, there are very few actions
that can be maintained against counties.   The right
of these political subdivisons of the State to sue is
much larger than their right to be sued, and this fol-
lows from the fact that, having control of the bridges,
highways, and public buildings of the county, it is
necessary that they should be invested with all need-
ful power to protect and preserve them, and so it
has been held that a county may maintain an action
for injury to its courthouse or public roads.   Chris-
tian County v. Rafton & Tharp, 2 Duv., 503, 87 Am.
Dec., 505; Lawrence County v. Chattaroi R. Co.,
81 Ky., 225, 5 Ky. Law Rep., 36; L. & N.
R. R. Co. v. Whitley County, 95 Ky., 215,
15 Ky. Law Rep., 734, 24 S. W., 694, 44 Am.
St. Rep., 220.   And where a county has authority
to make a contract, it would follow as an incident
that it might sue or be sued concerning it.   There is
a marked distinction between counties and municipal
corporations, such as cities and towns, in respect to
the power to sue and be sued.   The latter, by the
act creating them, are expressly authorized to sue
and be sued; and hence may be parties plaintiff or
defendant in any case in the absence of a statute or
judicial determination to the contrary, and it has been
frequently announced that an action against them
will lie in behalf of a taxpayer.   City of Covington
v. Powe, 2 Metc., 226; City of Louisville v. Anderson,
79 Ky., 334, 2 Ky. Law Rep., 344, 42 Am. St. Rep.,
220.   When taxes have been wrongfully collected by
county officials, and are in the hands of the collecting
or disbursing officers, a direct action may be brought
by the taxpayer against the person holding the tax.
Whaley v. Commonwealth, 110 Ky., 154, 23 Ky. Law

Rep., 1292, 61 S. W., 35; Blair v. Carlisle, etc., Turn-pike Co., 4 Bush, 157; Commonwealth v Stone, 114 Ky., 511, 71 S. W., 428, 24 Ky. Law Rep., 1297. But after the taxes collected have been paid out, the tax-payer is without remedy as against the county.

We conclude, therefore, that the action of the lower court in sustaining the demurrer in behalf of Kenton county was proper, and the judgment is affirmed.

Petition for rehearing by appellant overruled.