CASE 41.—PROSECUTION AGAINST P. A. ALEXANDER FOR
EMBEZZLEMENT.—September 23.

# Commonwealth v. Alexander

Appeal from Owen Circuit Court.

J. W. CAMMACK, Circuit Judge.

From a judgment sustaining a demurrer to the in-
dictment the Commonwealth appeals—Affirmed.

Embezzlement—Public   Officers—Statutes—Construction.—Under
Ky. Stats. 1903, section 1205, providing that, when a person
having custody of any money belonging to the State or county
shall willfully misappropriate the same, he shall be punished,
etc., and section 4067, prohibiting a sheriff from receiving
any tax until a copy of the assessor's books has been de-
livered to him by the county clerk, etc., and section 4241,
defining the duties of the sheriff as to property omitted by
the assessor from taxation, a sheriff embezzling money col-
lected from taxpayers on property not assessed for taxation
does not violate section 1205, which assumes that the officer
is legally in possession of the money for the State or county,
and then misappropriates it.

JAMES BREATHITT, Attorney General, and TOM B. Mc-
GREGOR, Assistant Attorney General, for appellant.

Our contention is:
1. It is not requisite that the Commonwealth's attorney or the
county attorney should, either, sign in indictment.
2. That it was the province of the members of the grand jury,
if they had actual knowledge of facts necessary to find an indict-
ment against the accused they could do so in the absence of
any witness whatever.
3. Section 120 of the Criminal Code requires only the names
of the witnesses who testified before the grand jury to be written
at the foot of the indictment, hence if none testified the names
of none should appear thereon.

4. The proper mode to set aside an indictment is by motion and not by demurrer.

### AUTHORITIES CITED.

Kentucky. Statutes, secs. 1127; 123 Crim. Code, sec. 243, 107; Sims v. Commonwealth, 12 Ky. Law Rep., 215; Commonwealth v. Minor, 89 Ky., 555; McIntire v. Commonwealth, 24 Ky. Law Rep., 469; Crim. Code, sec. 157, 158; Kentucky Statutes, sec. 1207; Roberson's Crim Law & Procedure, sec. 461.

H. W. ALEXANDER, W. B. MOODY, W. A. LEE and H. G. BOTTS for appellee.

### POINTS AND AUTHORITIES.

1. The indictment is insufficient and uncertain in form. (Commonwealth v. Fisher, 24 Ky. Law Rep., 300; Metropolitan Life Ins. Co. v. Miller, 71 S. W. (Ky.) 921; Bodley v. Commonwealth, 17 Ky. Law Rep., 561; Commonwealth v. Clifford, 96 Ky., 4; Words & Phrases, vol. 3, p. 2351; Commonwealth v. McClure, 20 Ky. Law Rep., 1568; Commonwealth v. Pate, 27 Ky. Law Rep., 624.)

2. The appropriation by a sheriff of money collected on unassessed property does not constitute embezzlement. (Commonwealth v. Young, 27 Ky. Law Rep., 851; Greenwell v. Commonwealth, 78 Ky., 321; Commonwealth v. Boske, 99 S. W. (Ky.) 317.)

3. See Criminal Code of Practice, sections 122 to 137 inclusive on the requisites of a good indictment.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellee was indicted in the Owen circuit court for the offense of embezzlement. The court sustained a demurrer to the indictment, and the Commonwealth appeals. The indictment was evidently drawn to cover the offense defined by section 1205 of the Kentucky Statutes of 1903. In substance, appellee was charged in the indictment with having collected from divers taxpayers of the county the sum of $2,286 during the year 1898; that he feloniously, knowingly, and

Commonwealth v. Alexander.

fraudulently collected this money, retained, and applied it to his own use and benefit, thereby depriving the county of its use; that the property upon which he collected this money as taxes had not been assessed for taxation. The substance of the charge against appellee is that while he was sheriff, during the year 1898, he collected from various citizens of the county the sum named when the property had not been assessed—that is, had not been listed for taxation—and that he failed to turn over to the county the money thus collected. The question is: Does this constitute embezzlement as defined in section 1205 of the Kentucky Statutes of 1903? In our opinion it does not.

The section of the statute referred to provides that when a person having custody or control of any money, or other thing named in the section, belonging to or for the use of the State or of any county, etc., or under any trust or duty to keep, return, or specifically apply same, or any part thereof, shall in violation of such trust or duty wilfully misappropriate or otherwise dispose of such money, or other things named in the statute, he shall be punished as provided in the section. This section assumes that the person or officer is rightfully and legally in the possession of the money, or other thing, for the use of the State or county, and then misappropriates it. The indictment in this case shows on its face that appellee was not rightfully and legally in possession of the money charged to have been collected and misappropriated by him. Section 4067 of the Kentucky Statutes of 1903 provides: "No sheriff shall receive or receipt for any taxes until a copy of the assessor's books, as approved by the board of supervisors, has been delivered to him by the county clerk, or the list filed in the county clerk's office has been certified to

him by the said clerk. For a violation of this section the sheriff shall be fined one hundred dollars for each offense.'' This is a positive prohibition against the collection by the sheriff of any taxes on unassessed property. The sheriff has no power or authority to assess or list omitted property for taxation under the statutes. His powers and duties as to property omitted by the assessor and supervisors are defined by section 4241 of the Statutes, which requires him to file in the clerk's office of the county in which the property is liable to assessment a statement containing a description and the value of the property proposed to be assessed. The sheriff has no part in the assessment of property, except to report omitted property to the clerk as directed by section 4241 of the Statutes; and he is forbidden, under a penalty of one hundred dollars for each offense, to collect any taxes at all until the property is assessed by a person authorized to assess it, and its proper assessment certified to him. The collection by appellee of the sum alleged from the various taxpayers of the county on property which had not been assessed for taxation was a plain violation of the law. It did not relieve the taxpayers from their liability to the county, and they could have sued appellee immediately and recovered each of the various sums paid to him. It was their money. It did not belong to the county. If appellee held it in trust, it was for the persons who paid it to him, and not for the county. Commonwealth v. Boske, 124 Ky., 468, 99 S. W. 316, 30 Ky. Law Rep. 400, 11 L. R. A. (N. S.) 1104. For these reasons, we are of the opinion that the lower court properly sustained a demurrer to the indictment.

Judgment affirmed.