## Commonwealth, et al. v. Emmett Griffy, Late Sheriff of Anderson County, et al.

### Same v. Same.

(Decided April 21, 1925.)

## Appeals from Anderson Circuit Court.

1. Schools and School Districts—Sheriff Paying Money to be Applied to Amount Due School Board on Taxes of 1920 Held Estopped from Thereafter Asserting it was Paid on 1921 Taxes.—Where sheriff admitted his liability to school board for 1920 taxes which he had collected but not accounted for, and his payments in October, 1921, were intended to be and were applied on taxes of 1920, the sheriff cannot thereafter maintain that such money was paid on taxes for 1921, and fact that no levy had been made for taxes of 1920 did not make such money payable on 1921 taxes, where sheriff collected taxes supposing that order for 1920 taxes had been properly entered.

2. Schools and School Districts—Orders for Levying School Taxes Cannot be Entered Nunc Pro Tunc.—Where school board by mistake entered no order levying taxes for school purposes for certain years, and sheriff and board proceeded on assumption that order had been entered, board could not thereafter enter orders nunc pro tunc.

3. Schools and School Districts—Sureties on Sheriff's Bond Not Liable for Taxes Collected by Sheriff where no Valid Levy Therefor was Ordered.—Where a school board entered no order levying taxes for certain years, and sheriff collected taxes for such years, board could not thereafter enter order levying the taxes, thus creating an obligation on sheriff after his term had expired, and hence surety on sheriff's bond was not liable as to such taxes.

4. Schools and School Districts—Sheriff Collecting School Taxes Without Valid Levy Therefor Not Liable to School Board for Such Taxes.—Sheriff collecting school taxes during time in which

there was no valid levy of such taxes is not personally liable to school board for taxes he collected, but such taxes are recoverable only by direct action brought by taxpayers.

JOHN D. CARROLL, JOHN S. CARROLL and STANLEY TRENT for appellants.

EDWARDS, OGDEN & PEAK for appellees.

H. L. MEANS and JOHN WOODBURY for appellee United States Fidelity Guaranty Company.

OPINION OF THE COURT BY COMMISSIONER HOBSON —
Reversed in first case and affirmed in second case.

These two appeals on the same record will be disposed of in one opinion.

Emmett Griffy was the sheriff of Anderson county for four years, beginning in January, 1918. The United States Fidelity & Guaranty Company was the surety in his official bond. This action was brought against him and his surety on his official bond to recover an alleged balance due by him on account of taxes for the support of the Lawrenceburg city schools for the years 1918, 1919, 1920 and 1921. On the hearing of the case the circuit court gave judgment against him and his surety for a balance found due for 1921, but dismissed the action against him and his surety as to the taxes for the years 1918, 1919 and 1920. As to the year 1921 the only question raised is as to a credit of $2,000.00 which was allowed by the circuit court on the taxes for 1921. As to the other years no appeal has been taken against the surety, but an appeal has been prosecuted against the sheriff on the ground that though the surety is not liable for these years the principal is liable for the money which he in fact collected and failed to pay over.

1. *As to the credit of $2,000.* This money was paid in two checks given in October, 1921, and the court held that it should be credited on the taxes for 1921. The facts as shown by the proof are these:

About the time that the school closed in June, 1921, Griffy presented to the school board a statement showing that he then owed the board $3,060.59 on the 1920 taxes. After this different members of the board talked to Griffy about this debt. He said he thought he would be able to pay soon and asked the board to wait on him. Early in October he gave the treasurer of the board checks for $1,000.00 and on October 31st another check

for $1,000.00 and then said that he owed $1,060.00 of the 1920 taxes after these payments were made. The evidence of the officers of the school board is uniform and uncontradicted as to the above facts. The board, when the checks were received, credited the money on the taxes of 1920. Griffy made no complaint of this at the time. He was shown the statement showing a balance due on 1920 taxes of $1,060.00, and he then said that he didn't have the money at that time to pay this. He also told others that he had paid this $2,000.00 on the 1920 taxes and only owed a balance of $1,060.00.

Griffy does not testify. The only testimony introduced for him is the testimony of Mr. Oscar Mays, his deputy, who says that as shown by the checks these payments were made on the taxes of 1921, but his testimony taken as a whole shows clearly that in making this statement he bases it entirely on the date of the checks. It is also insisted that this money in fact was paid out of the taxes collected for 1921, but the proof shows that Griffy kept but one account and that all funds went into this account, no matter from what source they came, and the checks were given on this account. It cannot, therefore, be said that this money was paid out of the 1921 taxes, for it does not appear what money constituted the credits on this account at the time these checks were paid. In 21 R. C. L. 99 the general rule as to the application of payments is stated in these words:

"When the intention of the parties can be determined with reasonable certainty, the court will apply an undirected payment accordingly. No doubt the justice of each case will best be promoted by carrying out the intention of the parties. In case an expressed intention cannot be found, one may be implied from the circumstances of the case. Every presumption and rule which the courts have adopted in furtherance of their purpose to discover the 'justice of each case' is subordinate to this rule of intention."

The proof is clear that it was the intention of both the parties at the time these checks were given that they should be applied on the balances of $3,060.00 due by Griffy on the taxes of 1920, and that they were so applied by the school board with Griffy's knowledge. He cannot now maintain that this money was paid on the taxes for 1921. It is urged that in fact no levy had been

made for the taxes of 1920, and that Griffy did not legally owe the school board this money. It is true that no levy had been made, but he is no more entitled to credit on the 1921 taxes for this money paid on the 1920 taxes than he is entitled to credit on the 1921 taxes for all the other money he paid on 1920 taxes. He went on and collected the taxes supposing the order had been properly entered and nobody noticed the omission until this trouble came up. In the meantime the school was running; the expenses of running the school had to be paid; the municipality could create no debt under the Constitution beyond the revenue provided for the year and inextricable confusion would be created if money paid on one year's taxes could be credited on another year's taxes after it has been applied by the board to pay the expenses of the school for the year on which it was paid. To so credit the money would be the same as to require the school board to pay it back to the sheriff. Rejecting a similar claim in Alexander v. Owen Co., 136 Ky. 433, the court said:

> "The sums were voluntarily paid to the county, and have gone to defray its indebtedness. If the county had to repay these sums to appellant, it would result in a vast increase of the county's liabilities, to be finally borne by the taxpayers. The result would be to take from them illegally about $1,500.00 a year, and, by judicial determination, because they elected to abide their payment, make them pay that much more, to be given to the sheriff, who has no right to it, legal or moral. The court of chancery will not lend its power to produce such an unconscionable result."

It follows that the circuit court erred in crediting the sheriff on the taxes for 1921 with the money which was in fact paid on the taxes for 1920.

2. *As to the liability of the sheriff to the school board for the money he collected for 1918, 1919 and 1920 and did not pay over to the board.* By a mistake in some way no order of the board was entered on its record levying taxes for these years. The sheriff and the board proceeded upon the assumption that the order had been entered. When the mistake was discovered in 1923 the board entered the orders now for then. But there was nothing on the record to correct or to show that any order had ever been made, and so these orders cannot

be given any retrospective effect. Ralls v. Sharp, 140 Ky. 744. Griffy's term as sheriff began in January, 1918, and expired in January, 1922. While he was sheriff and authorized to collect taxes there was no valid levy of these taxes. The board could not make orders a year after his term expired and after his authority to collect taxes was terminated, creating an obligation on him as sheriff by the orders then entered. The circuit court, therefore, properly held that his surety was not responsible for the taxes for the years 1918, 1919 and 1920.

It is earnestly insisted, however, that Griffy having collected the money and having failed to pay it over should be personally responsible to the board for what he in fact collected. In Clay v. Nicholas County Court, 4 Bush 154, the court held a levy made by the county court void, and in Blair v. Carlisle, &c., Turnpike Co., 4 Bush 157, disposing of the liability of the sheriff for the money he had collected under the void order, the court said:

> "As a legal sequence of the decision just rendered in the foregoing case, the sheriff of Nicholas county holds the money collected by illegal taxation on a void subscription to turnpikes as a trust fund for the benefit of the taxpayers who contributed that fund."

This was followed and approved in the following cases: Whaley v. Commonwealth, 110 Ky. 154; Commonwealth v. Scott, 112 Ky. 259; Commonwealth v. Baske, 124 Ky. 469; Commonwealth v. Alexander, 129 Ky. 429. In the Scott case, 112 Ky. 259, the court said:

> "Conceded, a tax wrongfully levied and collected of a community, in violation of the Constitution. The citizen has paid it promptly, it being mingled with legal taxes, which should be paid promptly that government might be supported. The sum of such illegal tax is in the hands of the collector or the county court. The citizens who paid it, not the municipality nor the collector, are entitled to it."

A number of cases are cited as conflicting with the above. In Griffith v. Commonwealth, 10 Bush 281, a clerk put in the hands of the sheriff for collection a number of free bills which were too old to be distrainable.

The sheriff collected the money and failed to pay it over. It was held that his surety was not responsible for the money as the fee bills were not distrainable, but that the sheriff who had collected the money was responsible to the clerk for what he had collected. This was the clerk's money in the hands of the sheriff, who had collected it for him, not under his authority as sheriff but as a collector for the clerk or as his agent. But that is not this case, for the money here when collected was held by the sheriff in trust for the taxpayers. It was not the school board's money. In Whaley v. Commonwealth, 110 Ky. 164, judgment was entered in favor of the taxpayers against the sheriff for what had been illegally collected, and to same effect see Commonwealth v. Scott, 112 Ky. 256. The discussion in these opinions relied on by counsel was the discussion of the question whether some of the taxpayers could sue for all similarly situated, and their right to sue for all was sustained. In Mason v. Cook, 187 Ky. 260, the sheriff found certain property omitted from assessment. Instead of assessing the property as he should have done he collected the taxes from the taxpayers without any assessment. It was held that he was liable on his bond for this money, for the reason that it was his duty as sheriff to make the assessment and that when he failed to make the assessment he committed a breach of his bond and the measure of damage was the amount of the taxes. In that case there had been a breach of duty which the sheriff owed to the municipality.

None of these cases touches the question we have here. It does not appear that the taxpayers have asserted their right to the money in the hands of the sheriff; but that is not material. He cannot be required to pay over to the school board money which he should in good conscience pay back to the taxpayers. Where he has in fact paid the money to the school board and it has been expended by the school board a different principle applies, for the reason that the school has been maintained and the money applied to its maintenance.

> "When taxes have been wrongfully collected by county officials, and are in the hands of the collecting or disbursing officers, a direct action may be brought by the taxpayer against the person holding the tax. Whaley v. Commonwealth, 110 Ky. 154, 23 Ky. Law Rep. 1292, 61 S. W. 35; Blair v. Carlisle, etc., Turnpike Co., 4 Bush 157; Commonwealth v.

Stone, 114 Ky. 511, 71 S. W. 428, 24 Ky. Law Rep. 1297. But after the taxes collected have been paid out, the taxpayer is without remedy as against the county." Com. v. Baske, 124 Ky. 475.)

The judgment dismissing the petition as to the sheriff for the years 1918, 1919 and 1920 is affirmed. The judgment giving the sheriff credit for $2,000.00 on the taxes for 1921 for the money paid in October, 1921, is reversed, with directions to enter a judgment against the sheriff and his surety as above indicated.