## Potter-Matlack Trust Co., Administrator of Sarah A. Buttram v. Edmonson County.

(Decided October 20, 1925.)

### Appeal from Edmonson Circuit Court.

1.  Paupers—Inmate of Poorhouse was Not Liable to County for Time Kept Therein, though she Received Pension During that Time.— In view of Ky. Stats., section 3931, inmate of poorhouse was not liable to pay county for time kept therein from funds subsequently received as pension, and payment in settlement of county's claim was without consideration.
2.  Paupers—Inmate of Poorhouse Held Not Entitled to Bring Suit Against County for Amount Paid to it Under Mistaken Belief she Owed it to County for Keeping Her.—Suit by inmate of poorhouse to recover from county amount paid to it under mistaken belief she owed it to county for keeping her held not authorized by statute.

MILTON CLARK for appellant.

GEORGE McCOMBS for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Sarah A. Buttram executed and delivered to the county judge of Edmonson county a check for $375.00. The county judge delivered the check to the county treasurer. At the next meeting of the fiscal court, she moved the court to return to her the money. The court refused to do so. Thereupon she brought this suit against Edmonson county, charging, in substance, that the check was given by mistake in ignorance of her rights and by reason of threats of the county judge to her. An answer was filed denying the allegations of the petition. The case came on for hearing before a jury and at the conclusion of all the evidence the court peremptorily instructed the jury to find for the defendant. The plaintiff appeals.

The facts are these: The ground on which the peremptory instruction was given is that Edmonson county

could not be sued for this money obtained under these circumstances. She had been in the poorhouse for five years and had then drawn a pension, under which she had received $1,450.00. The county judge claimed that she should pay the county $100.00 a year for her keep at the poor house for the time she had been there. She refused to pay it but finally did give a check for $370.00 in settlement of the claim, and the county judge turned over the check to the county treasurer.

In Board of Directors of Mason County Infirmary v. Smith's Committee, 111 Ky. 636, it was held that a pauper inmate of the county poorhouse was not liable to the county for her maintenance there upon subsequently receiving a pension. The court said:

"Section 3931 of the Kentucky Statutes makes it the duty of the county court in term time, and the county judge in vacation, to order any poor person which he may deem a proper subject to be taken to the poorhouse and supported, and to cause medical aid to be employed at the public expense for such pauper; and no obligation rests upon the pauper to pay for the charity so extended out of property which he may subsequently acquire."

It follows that appellant was in no wise liable to the county and that the money was paid without legal consideration. But a county is simply a political subdivision of the state and it is not liable to be sued except as provided by statute. In Commonwealth v. Baske, 124 Ky. 468, a number of taxpayers in Kenton county sued the county to recover taxes they had paid, which had not been legally levied on their property. Refusing a recovery, the court said:

"It is a well established doctrine in this state, and in harmony with the rule generally prevailing, that counties are not liable to suit, unless authority for it can be found in the statute, or it follows by necessary implication from some express power given. The reason upon which this rule rests is that counties are subordinate political subdivisions of the state. They are created for public purposes, and are a part of the necessary machinery of government, and can no more be sued by the citizen than can the state.

"And where a county has authority to make a contract, it would follow as an incident that it might sue or be sued concerning it."

The county having no authority to make a contract about keeping a pauper inmate in the poorhouse and having no authority to collect any compensation from such inmate therefor, there can be no substantial difference between the case now before the court and the case of taxes illegally levied and paid by the taxpayer in ignorance of the taxes being void.

Baske v. Commonwealth was followed in First National Bank v. Christian County, 106 S. W. 831, where a bank sued to recover taxes on the ground that it had paid in all $650.00 more than it owed. The court denying a recovery, and referring to the opinion in the previous case, said:

"Counsel for appellant earnestly contends that the statement in the above opinion to the effect that where a county has authority to make a contract it would follow as an incident that it might sue or be sued concerning it authorizes this action, claiming that where taxes have been illegally collected there arises upon the part of the county an implied contract to pay them back. This, however, is not the meaning of the language used. That language refers only to an express contract. It was not intended to convey the idea, nor would it be proper to do so, that the right to sue could be implied from an implied contract. It is further contended by counsel for appellant that appellant has the right to maintain this action for the reason that it does not affirmatively appear that the taxes collected have been paid out. We do not think, however, that the right of action in such cases depends upon whether or not the taxes collected have been paid out. Whether paid out or not paid out, there is no right of action at all against the county."

In Fiscal Court of Owen County v. Cox Co., 132 Ky. 738, the appellees had paid $400.00 as a license tax which they did not owe, and sued Owen county, the members of the fiscal court and the county treasurer to recover the money. The circuit court gave judgment in favor of the plaintiff. Reversing the judgment, this court said:

"It does not appear from the record in this case that the members of the fiscal court held the tax. It

does appear, however, that the sum of $400.00, paid by plaintiff at the time of the institution of this suit, was in the hands of the county treasurer. We are of opinion, therefore, that judgment against Owen county and the members of the fiscal court was improper; judgment against the county treasurer was proper.''

These cases have often been approved by the court. See Breathitt Co. v. Hagins, 183 Ky. 294, and cases cited. The case now before the court cannot be distinguished from them. In this case only Edmonson county was sued. The circuit court properly dismissed the action.

Judgment affirmed.