## Trustees of Eddyville Common Graded School Dist. No. 18 v. Cash's Adm'r et al.
## Cash's Adm'r v. Commonwealth, for Use and Benefit of Eddyville Kentucky Common and Graded School Board in Dist. No. 8 et al.

(Decided Nov. 11, 1932.)

C. M. MOLLOY for Sam G Cash's Admr, and for Fidelity & Deposit Co. of Maryland.

T. T. HANBERRY for Trustees of Eddyville Common Graded School, etc.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Affirming in Part and Reversing in Part.

T. L. Cash was the sheriff of Lyon county and as such received for collection the taxes levied for the benefit of the Eddyville Common and Graded School Board of district No. 8, for the years 1925, 1926, 1927, 1928, and 1929. Upon a settlement of his accounts he was found behind $1,686.18. This action was brought on his bond as sheriff to recover the amount unpaid against him and his surety. On final hearing the circuit court dismissed the action as to the surety and gave judgment against the administrator, Cash having died, for the amount. From this judgment the board and administrator each appeals.

The levy for the year 1925 is in these words:

"Resolved by the Board of Trustees of the Eddyville Graded Common School District that the tax rate for the year 1925-26, be fixed at and the levy be made for said year of, $1.25 on each One Hundred Dollars worth of taxable property within the district as fixed by the assessment as of July 1, 1924, and a poll tax of $2.00 on each white male citizen, resident within the said district between the ages of 21 and 69 years inclusive."

The levy for 1926 is practically in the same words.

For 1927, 1928, and 1929 these words are added:

"And that 15c of said levy be set aside for the purpose of providing a sinking fund."

In U. S. Fidelity, etc., Co. v. Board of Education of Somerset, 118 Ky. 359, 80 S. W. 1191, 1192, 26 Ky. Law Rep. 246, where the levy was practically in the same words as here for the first two years, the court said:

"The order does not state the purpose for which the levy is made—not even that it is for school purposes. Section 180 of the Constitution provides: '* * * Every act enacted by the General Assembly, and every ordinance and resolution passed by any county, city, town, or municipal board or local legislative body, levying a tax, shall specify distinctly the purpose for which said tax is levied. * * * The appellee was a local legislative body authorized to levy the tax. The court, in City of Somerset v. Somerset Banking Co. (109 Ky. 549), 60 S. W. 5, 22 Ky. Law Rep. 1129, 1132, had under consideration orders making levies substantially the same as the one here under consideration, and held them void. The order in question is void, because it is in disregard of section 180 of the Constitution."

The same conclusion was reached on a like school levy in Morrell Refrigerator Car Co. v. Com., 128 Ky. 461, 108 S. W. 926, 32 Ky. Law Rep. 1389. To the same effect, see City of Somerset v. Somerset Banking Co., 109 Ky. 549, 60 S. W. 5, 22 Ky. Law Rep. 1129; Commonwealth v. United States F. & G. Co., 121 Ky. 409, 89 S. W. 251, 28 Ky. Law Rep. 362; and Com. v. Griffy, 208 Ky. 469, 271 S. W. 560. This case cannot be distinguished from those cited, and the circuit court properly held that the levies were void, as the statute

involved in the above school cases was practically the same as here. The levies being void, the surety on the sheriff's bond was not responsible for the money, and the action was properly dismissed against the surety. It is true that the levies for the last three years set aside 15 cents of the levy as a sinking fund. But this in no manner specified what the other 85 cents of the taxes for each year was to be used for. More than 15 cents of the taxes for each year was paid over, and the levies were only valid as to this 15 cents.

In a long line of decisions this court has held that money collected by a sheriff on a void levy is a trust fund for the benefit of the taxpayers, and that when the taxes have been wrongfully collected and are in the hands of the collecting officer, a direct action may be brought by the taxpayer against him. These cases are collected in the opinion in Commonwealth v. Griffy, 208 Ky. 469, 271 S. W. 560, and as held in that case the judgment against the sheriff in favor of the board for this money is not warranted.

The judgment of the circuit court in the first case dismissing the petition as to the surety in the bond is affirmed. The judgment in the second case against the administrator for the money collected by the sheriff on the invalid levies is reversed, with directions to dismiss the petition of the board against the administrator.