## Chappell et al. v. Morris, Sheriff.

(Decided Feb. 14, 1933.)

JOHN L. DIXON for appellants.

J. M. MUNCY and WILL C. HOSKINS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN
—Affirming.

A demurrer was sustained to the petition of the plaintiffs, now appellants, and, they having declined to plead further, their petition was dismissed. They have appealed.

As nearly as we can get at the meaning of this very confused pleading, it seems that the plaintiffs are claiming that they were the owners of certain real estate which had been assessed as of July 1, 1928, for taxes for the year 1929, and that thereafter and in October, 1928, certain portions of that land, including a town lot, were sold to Leslie county for the use and benefit of the State Highway Commission and a deed made in accordance with the sale; that in the year 1929 the plaintiffs paid to the sheriff of Leslie county the 1929 taxes (whether state, county, or both, the petition is profoundly silent) on the town lot theretofore sold to Leslie county, amounting to $30, and taxes on all the tract from which certain portions had also been sold to Leslie county, the fair proportion of which taxes properly to be allocated to such portions so sold being $40; that to the extent of the aggregate of these sums, to wit, $70, they had overpaid the 1929 taxes due from them. We gather, inferentially from the prayer of the petition, that the plaintiffs admit they still owe the sum of $44 for the 1929 taxes on the rest of the land they own and which had been assessed as of July 1, 1928, for taxes for the year 1929. With this inference in mind, we find that the petition then avers that the sheriff (we never find out who he is until we get into the prayer of this pleading, nor indeed is there any allegation in the pleading that any sheriff for the period in question was ever elected, qualified, or acting) is now about to sell the land which the plaintiffs yet own and which was properly assessed against them as of July 1, 1928, for unpaid 1929 taxes, and will proceed to sell that land for such unpaid taxes on the 20th day of April, 1931. The amount of these unpaid taxes is not stated, unless it be the $44 revealed in the prayer. We presume, though, this is the amount involved.

It is next averred that Leslie county is insolvent and that it will not pay any claim due from it, and tha' the plaintiffs ought to have offset against the taxes due from them the $70 they had theretofore paid the sheriff

which they ought not to have paid him. After the necessary Code allegations to procure an injunction, comes the prayer in which the plaintiffs ask that the sheriff, who is the sole defendant in this suit, be enjoined from selling their property for the unpaid 1929 taxes, that they recover from him the sum of $70, and that of the said $70 a sufficient amount be applied on the $44 they owe to extinguish that debt.

The court correctly sustained the demurrer to the petition. Aside from the fact that, if the plaintiffs ever had a cause of action, it is so defectively and imperfectly stated that the petition is obviously demurrable, it is well settled that taxes, even though wrongfully collected, cannot be recovered from the collecting or disbursing officers unless the taxes so collected are still within their hands. Commonwealth for Use of Devoe v. Baske, 124 Ky. 468, 99 S. W. 316, 30 Ky. Law Rep. 400, 11 L. R. A. (N. S.) 1104; First National Bank v. Christian County, 106 S. W. 831, 32 Ky. Law Rep. 634. There is no averment that the sheriff still has within his hands the $70 theretofore collected from plaintiffs, and, construing the pleading most strongly against the pleader, as we must, the presumption must be that such sum is not within the sheriff's hands. In the second place, the $70 collected was not illegally collected, since the statutes, section 4023, put the duty of paying taxes on property for any particular year upon him who owns that property as of July 1st in the previous year, although as between him and a subsequent purchaser, there being no contract to the contrary, it is the duty of the purchaser to pay the taxes if he buys the property before January 1st following the date of the assessment. But this is as between the property owner and the purchaser, and not the owner and state or county. Whether the plaintiffs may recover this $70 from the county which purchased some of their land in 1928 is not presented for decision in this case. The sheriff properly collected the taxes from the plaintiffs, and, if they have any cause of action, it is against the purchaser who bought their lands and not the sheriff.

The court correctly sustained the demurrer to the petition, and the judgment is affirmed.